VIRGINIA v. RIVERS. See Case No. 16,958.

---

## Case No. 16,965.

VIRGINIA v. SMITH.

[1 Cranch, C. C. 22.] [1]

Circuit Court, District of Columbia. July Term, 1801.

### INFORMATIONS—AMENDMENT.

An information may be amended by stating that the penalty accrued to the town instead of the commonwealth.

Information [against John Smith] for keeping a slaughter-house in Alexandria contrary to a by-law of this corporation.

Mr. Mason, for the United States, moved for leave to amend the information, by stating the penalty to accrue to the town of Alexandria, instead of the commonwealth. He stated it to be every day's practice, and cited 2 Hawk. P. C. 348; Rex v. Wilkes, 4 Burrows, 2527, 2566.

Mr. Simms and Mr. E. J. Lee, for defendant, agreed that informations might, at common law, be amended in the same manner as declarations, but contended that the amendment now proposed was such an one as could not be made in a declaration at common law. The amendment intended was matter of substance. 1 Bac. Abr. 102; Cope v. Marshall, Sayer, 234.

An amendment, alleging a new right of action, was refused. 1 Cromp. Prac. 105. A declaration against executor in debt and detinet shall not be amended. 1 Bac. Abr.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

97, 98. An amendment ought not to be made after the term next after the filing of the declaration. 1 Wils. 149; 1 Cromp. Prac. 105. After plea no new count can be added. Sayer, 97, 151, 172; 1 Cromp. Prac. 106. In the case of Rex v. Wilkes, Lord Mansfield said no amendment in matter of substance ought to be made. The reason why he permitted an amendment in that case was, that the defence was not altered, nor the charge varied. If the amendment would make any difference in the judgment, it ought not to be admitted. The proposed amendment changes the parties.

Mr. Mason, in reply. The practice has been relaxed since the time of the authorities read by Mr. Lee. The proceedings in civil suits may be amended at any time before trial. The question, to whom the penalty is to accrue, has nothing to do with the offence, nor does it alter the plea. 2 Hawk. P. C. 397. The conclusion from the case in Hawkins is, that when a man is convicted of the offence, and the forfeiture incurred, if the judgment state the forfeiture as accruing to a wrong person, the judgment may be corrected. In the cases of King v. King and King v. Charlesworth, in Burrows' Reports, the amendments were of substance. Rex v. Holland, 4 Term R. 457, 458.

[See Case No. 16,967.]

KILTY, Chief Judge, and CRANCH, Circuit Judge, allowed the amendment to be made.

MARSHALL, Circuit Judge, contra. The grounds upon which the court allowed this amendment were, that it was not in a matter of substance. An information is in the nature of an indictment. The object is the punishment of the offender. The fact, therefore, is the substance of the charge, and the person to whom the benefit is to accrue is immaterial. It differs from an action of debt brought by the commonwealth for the penalty. There the right of action is in consequence of the clause designating to whom the penalty shall accrue. It is part of the plaintiff's title; and, if by law, the penalty did not accrue to the plaintiff, he could not recover. But, here the offender ought to be convicted whether the penalty accrue to the commonwealth or not.