## Case No. 15,063.

### UNITED STATES v. EVANS.

[1 Cranch, C. C. 55.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

#### INFORMATION—AMENDMENT.

An information may be amended.

The information was amended by filling up the blank of the date of the commission of the offence. The same amendment was also permitted in the cases of U. S. v. Howard, U. S. v. Smith, and U. S. v. Zimmerman [unreported]. Leave was given to the defendants to plead de novo; and a continuance allowed at their request.

THE COURT, also, in this case, gave leave to amend the information, by describing the particular kind of liquor sold.

## Case No. 15,064.

### UNITED STATES v. EVANS.

[1 Cranch, C. C. 149.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

#### CONSTABLE—INDICTMENT—BOND.

Indictment lies for acting as constable without giving bond.

Indictment [against Evan Evans] for acting as constable without giving bond agreeably to the fourth section of the act of May 3, 1802 [2 Stat. 194].

Verdict, guilty of serving warrants, but not of serving any execution.

Mr. Peacock, for defendant, contended that the object of the law was only for the security of creditors as to receipt of money on execution.

But THE COURT (nem. con.) was of opinion that the omission to give the bond was a violation of duty; and fined the defendant one dollar.

## Case No. 15,065.

### UNITED STATES v. EVANS.

[4 Cranch, C. C. 105.] [1]

Circuit Court, District of Columbia. Dec. Term, 1830.

#### INDICTMENT—KEEPING FARO TABLE—STATUTORY PENALTY—HOW RECOVERED.

The penalty for keeping a faro table in a place occupied as a tavern, contrary to the Maryland act of 1797, c. 110, may be recovered by indictment.

The defendant was convicted upon an indictment for keeping a faro table at a place occupied as a tavern, contrary to the Maryland act of 1797, c. 110.

Mr. Dandridge, for defendant, moved in arrest of judgment, and contended that the verdict does not authorize the court to

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

give judgment for the penalty; but only creates a cause of action in favor of any one who will sue upon that verdict for the penalty. The second section of that act says: "On pain of forfeiting, for every offence, the sum of fifty pounds, upon conviction thereof by indictment or confession in the county court." The fifth section says, that "one moiety of the forfeiture accruing or becoming due under this act shall be applied to the use of the county, and the other moiety to the person or persons who shall sue for the same." By the act of congress of the 3d of March, 1801 (2 Stat. 115,) Burch's Dig. 233, it is enacted "that all fines, penalties, and forfeitures, accruing under the laws of the states of Maryland and Virginia, which by adoption have become the laws of this district, shall be recovered, with costs, by indictment, or information in the name of the United States, or by action of debt in the name of the United States and of the informer; one-half of which fines shall accrue to the United States, and the other half to the informer," etc.

Mr. Dandridge cited Com. v. Richards, 1 Va. Cas. 133, in which case it was decided, by the general court, that the forfeiture of $150, declared by Act 1797, c. 2, § 3, cannot be recovered for the use of the commonwealth by information; the forfeiture being given "to the person who will sue for the same." Rex v. Luckup, 2 Strange, 1048, that upon a conviction under St. 9 Anne, c. 14, for cheating at play, the court could not give judgment for five times the value of the thing won; the act having provided that the penalty should be recovered by action "by such person as will sue for the same." St. 30, Geo. I. c. 24.

THE COURT (THRUSTON, Circuit Judge, absent) overruled the motion in arrest of judgment, because the forfeiture accrues upon the conviction, and the conviction is to be by indictment, according to the express words of the act of Maryland of 1797, c. 110, as well as by the act of congress of the 3d of March, 1801 (2 Stat. 115). No other mode of recovering the penalty is given by either of those statutes; and the practice has been, uniformly, both in Maryland and in this District, to render judgment for the penalty, upon conviction upon indictment under that statute.

The counsel for the defendant contended, that, as half of the penalty was, by the statute of Maryland, to be applied to the use of the county, and the other half to the person who should prosecute and sue for the same, the penalty could only be recovered by an action of debt by the informer and the United States. But the statutes upon which the cases which were cited by the defendant's counsel were decided prescribed the mode of recovery to be by any person who will sue for the same. Such is also the provision of the test act, 25 Car. II. c. 2, § 5, upon which the information was founded in the