v. Woods, 2 Cranch [6 U. S.] 336; U. S. v. Mayo [Case No. 15,755]; Johnson v. U. S. [Id. 7,418]; U. S. v. Ballard [Id. 14,507].

Comment upon the 4th section of the act of the 28th of February, 1839, need not be made as it is obvious that it refers only to penal actions, and to proceedings in rem to enforce a forfeiture, and not to crimes. Simpson v. Pond [Case No. 13,455].

But notice must also be taken of the 14th section of the act of the 3d of March, 1863 [12 Stat. 741], not referred to by the counsel on either side. Express provision is there made for the repeal of so much of the 3d section of the act entitled "An act in addition to the act for the punishment of certain crimes against the United States," approved March 26, 1804, as imposes any limitation upon the commencement of any action or proceeding for the recovery of any fine, penalty, or forfeiture incurred by reason of the violation of any law of the United States relating to the importation or entry of goods, wares or merchandise. 12 Stat. 741. Viewed in any light, however, it is clear that that provision cannot benefit the defendant, as it does not purport to repeal that part of section 3 of that act which authorizes indictments for crimes to be found at any time within five years after the offence was committed. Smuggling is a crime, and by the 4th section of the act of the 18th of July, 1866, may be punished by fine or imprisonment, or by both, in the discretion of the court. 14 Stat. 179.

Demurrer overruled. Leave granted to plead over.

## Case No. 16,283.

### UNITED STATES v. SHORTER.

[1 Cranch, C. C. 315.] [1]

Circuit Court, District of Columbia. June Term, 1806.

COMPETENCY OF WITNESSES — INTEREST IN FINE.

The wife of him whose goods are stolen is not a competent witness for the prosecution unless the husband has released to the United States his share of the fine.

[Cited in U. S. v. Gray, Case No. 15,252.]

Indictment [against Elizabeth Shorter] for stealing a gold ring and a pair of shoes, the property of Samuel Long. Phœbe Long, his wife, was called as a witness on the part of the United States.

Mr. Caldwell, for the prisoner, objected to her being sworn, because of the interest of her husband in the one half of the fine.

THE COURT (DUCKETT, Circuit Judge, absent) said she was not a competent witness, without a release by her husband, of his right to the fine.

Verdict, guilty.

## Case No. 16,284.

### UNITED STATES v. SHORTER.

[1 Cranch, C. C. 371.] [1]

Circuit Court, District of Columbia. Dec. Term, 1806.

SLAVE AS WITNESS.

A slave is a competent witness for a free black man on a criminal prosecution.

[Cited in U. S. v. Mullany, Case No. 15,832.]

Indictment against [William Shorter] a free black man.

The traverser offered a slave as a witness. Admitted, upon the authority of U. S. v. Terry [Case No. 16,454], at the last term.

DUCKETT, Circuit Judge, absent.

See Acts Assem. Md. 1717, c. 13, §§ 2, 3.

Verdict, not guilty.

## Case No. 16,285.

### UNITED STATES v. SHUCK.

[1 Cranch, C. C. 56.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

AMENDMENT OF INFORMATIONS—SERVANT SELLING LIQUOR.

1. An information may be amended.

2. A servant selling spirituous liquors for his master is not personally liable for the penalty.

[Cited in U. S. v. Paxton, Case No. 16,013; U. S. v. Voss, Id. 16,628.]

Information for selling spirituous liquors, permitted to be amended, by inserting the date of the offence, and also the words "sold and to be drank at the circus, instead of at his own house." On the trial, the defendant attempted to prove that he acted as servant or agent of another person.

THE COURT instructed the jury that if they should be of opinion, from the evidence, that the defendant acted as the servant of another person, and had no part of the profits, it was not to be considered as his selling, but that of his master.

See U. S. v. Paxton [Case No. 16,013], and U. S. v. Voss [Id. 16,628].

## Case No. 16,286.

### UNITED STATES v. SHULTS.

[6 McLean, 121.] [2]

Circuit Court, D. Ohio. Oct. Term, 1854.

CRIMINAL LAW—INSANITY AS DEFENSE—TESTS OF SANITY.

1. An individual is liable to punishment, when he can discriminate a right from a wrong act.

[Cited in State v. Lewis, 20 Nev. 333, 22 Pac. 248.]

2. And this can be best ascertained, not by any theory as to the mind, but by the acts of the party.

3. The concealment of the offense, an endeavor to elude the officers of justice by an escape,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]