## Case No. 15,251.

### UNITED STATES v. GRAY.

[2 Cranch, C. C. 675.] [1]

Circuit Court, District of Columbia. May Term, 1826.

DISORDERLY HOUSE—EVIDENCE OF GENERAL CHARACTER.

1. In a prosecution for keeping a disorderly house, the general character of the house is in issue, and may be given in evidence.
[Disapproved in Henson v. State, 62 Md. 235. Cited in brief in Breckinridge v. American Cent. Irs. Co., 87 Mo. 64. Cited in Grove v. Little, 11 Leigh, 192.]

2. A house kept for the meeting of men and women for illegal and obscene purposes, or for the purpose of enticing young girls there for debauchery, is a disorderly house.

Indictment [against Henry Gray] for keeping a disorderly house.

---

## Case No. 15,252.

### UNITED STATES v. GRAY.

[3 Cranch, C. C. 681.] [1]

Circuit Court, District of Columbia. Dec. Term, 1829.

WITNESS—SLAVE—DISCRETION OF COURT.

A slave is not a competent witness against a free mulatto not in a state of "servitude by law," in a prosecution for larceny, in Washington county, unless at the discretion of the court, under the circumstances stated in the act of Maryland of 1717, c. 13, and then the slave should not be forced or permitted to testify against her mother.

Indictment [against Charity Gray] for larceny. The prisoner's daughter, who is a slave, was offered as a witness for the United States.

Mr. Key, for the prisoner, objected that a slave is a witness against a slave only, or a free negro or mulatto, "during his servitude

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

by law," and cited the Acts of Maryland of 1717, c. 13, and 1751, c. 14.

CRANCH, Chief Judge, mentioned the following cases in this court: U. S. v. Swann [Case No. 16,425], a free mulatto, at December term, 1803, where the court, being of opinion that a slave could not be a witness against her, refused a subpœna for the slave. U. S. v. Terry [Id. 16,454], at June term, 1806, where this court permitted a slave to be sworn for the prisoner. U. S. v. Shorter [Id. 16,283]. a free negro, at December term, 1806, same point decided on the authority of the case of U. S. v. Terry [supra]. U. S. v. Hill [Case No. 15,365], a freeborn mulatto, December term, 1808. Mr. Jones, for the United States, offered a slave as a witness. The court (Duckett, Circuit Judge, absent,) having more carefully considered the Acts of Maryland of 1717, c. 13, and 1751, c. 14, § 4, was of opinion that a slave is not a competent witness against a freeborn mulatto not under a state of temporary servitude by law. U. S. v. Bruce [Case No. 14,676], a slave, at December term, 1813, where a slave was admitted under the act of 1751, c. 14.

CRANCH, Circuit Judge, was of opinion that the slave was not a competent witness.

THRUSTON, Circuit Judge, was of opinion that, under the third section of the act of 1717, c. 13, the court, in its discretion, might admit the witness, but that the daughter ought not to be forced or permitted to testify against her mother.

MORSELL, Circuit Judge, was of opinion that the slave was a competent witness against a free negro.

Verdict for the prisoner.