STATE OF MISSOURI, Respondent, v. EMANUEL HOFFMAN, Appellant.

St. Louis Court of Appeals, April 7, 1897.

1. **Criminal Law**: MISDEMEANOR: INFORMATION: ARRAIGNMENT BEFORE TRIAL, OR WAIVER. In all criminal proceedings, whether by indictment or information, there must be an arraignment, or a waiver thereof, before the party charged can be put on trial. R. S. 1889, sec. 4141.

2. ———: ———: FILING OF SECOND INFORMATION, EFFECT OF. By the filing of a second information, the first is thereby quashed and abandoned.

*Appeal from the Washington Circuit Court.—*HON. J. F. GREEN, Judge.

REVERSED AND REMANDED.

*B. L. McLaren* and *Anthony & Eversole* for appellant.

Trial can not proceed against a prisoner for an offense for which he has not been arraigned, and of which he has not pleaded guilty. *State v. West*, 84 Mo. 440; *State v. Barnes*, 59 *Id.* 154; *State v. Saunders*, 53 *Id.* 234.

A justice of the peace has special and limited jurisdiction, and must proceed in all cases in the mode prescribed by statute. Nothing will be presumed in favor of the jurisdiction of such a court, but, on the contrary, its jurisdiction must appear affirmatively upon the face of the proceedings. *State v. Metzger*, 27 Mo. 101.

The meaning and application of section 3846 should be restricted to cemeteries established as provided by statutory enactment. *Winters v. State*, 9 Ind. 172.

The evidence in this case does not bring the lot of ground, as alleged in the information, within the purview of the statute. R. S. 1889, secs. 933, 934.

The information is defective, in that it fails to allege the ownership of the tombstone, or of the burying ground or cemetery, to be in any person or corporation. *State v. Doepke*, 68 Mo. 208.

*Edwin J. Bean* for respondent.

Defendant waived formal arraignment, and entered a plea of not guilty before Justice Zollman, which is sufficient. *State v. Haycraft*, 49 Mo. App. 488; *State v. Meagler*, *Id.* 591.

It is only necessary to state that the offense was committed in the county where the justice resides, and it appears from the record herein that the proceedings

were regular. *State v. Burr*, 81 Mo. 108. See, also, *State v. Plummer*, 55 Mo. App. 288.

The case of *Winters v. State*, 9 Ind. 172, cited by appellant, has no bearing on this case whatever, for the reason that the Indiana statute therein construed is different from our statute. R. S., sec. 3846.

Bond, J.—This information charging the defendant with desecrating a graveyard was filed before a justice of the peace in Jefferson county, Missouri. Upon a change of venue to another justice in the same township, defendant, before trial, waived a formal arraignment and pleaded not guilty. Thereupon, an amended information was filed and the trial took place, wherein the defendant was convicted and appealed to the circuit court, where a change of venue was taken to Washington county, and upon a trial there defendant was convicted and his punishment assessed at $500, from which he prosecutes this appeal.

The first error assigned is that the defendant was not arraigned before trial. The record shows that after a change of venue was taken from the justice before whom the proceeding was begun to another justice of the same township, defendant waived formal arraignment and pleaded not guilty, after which the state asked leave to file an amended information; that such leave was granted, and the amended information upon which this case was tried was thereupon filed. There is nothing in the entire record which shows that defendant was either arraigned after the filing of the second information, or that he waived arraignment, or that he entered any plea, or that any plea was entered for him. The statute imperatively requires that an arraignment, or a waiver thereof, shall be had in all proceedings,

MISDEMEANOR: information: arraignment, or waiver.

Vol. 70 app—18

whether by indictment or by information, before the party charged can be put upon his trial. R. S. 1889, sec. 4141. Proceedings for the trial of misdemeanors before justices are governed by the practice in criminal cases in courts of record, so far as the same may be applicable, and in respect to which no provision is made by statute. R. S. 1889, sec. 4360. When the second information was filed in this case the former information was thereby quashed and abandoned, just as would have been the case of a first indictment in the circuit court when a second indictment for the same offense had been found. R. S. 1889, sec. 4102; *State v. Daugherty*, 106 Mo. 182; *State v. Vincent*, 91 Mo. 662. As there was no arraignment upon the second information nor plea by defendant thereto, the judgment in this case must be reversed and the cause remanded.

FILING of second information, effect of.

It is so ordered. All concur.