## WILLIAMS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   April 29, 1920.)

### No. 5437.

**1. Criminal law ⬰1169 (1)—Prejudice from admitted testimony determined from whole case.**

Whether accused is prejudiced by the erroneous admission of evidence at a trial should not be considered abstractly, but the question is one of practical effect, when the trial as a whole and all the circumstances of the case are regarded.

**2. Criminal law ⬰1169 (12)—Evidence of borrowing money held not prejudicial, where guilt was conclusive.**

In a prosecution for violating the White Slave Traffic Act of June 25, 1910 (Comp. St. §§ 8812–8819), the admission of evidence that accused borrowed money from the woman and had not returned it, if erroneous, was not prejudicial, where the other evidence of guilt was overwhelming and undisputed.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

George Williams was convicted of violating the White Slave Traffic Act, and he brings error.   Affirmed.

J. Q. A. Harrod, of Oklahoma City, Okl., for plaintiff in error.

John A. Fain, U. S. Atty., of Lawton, Okl., and Herman S. Davis, Asst. U. S. Atty., of Frederick, Okl.

Before HOOK and CARLAND, Circuit Judges, and VAN VAL-KENBURGH, District Judge.

HOOK, Circuit Judge.   George Williams was convicted and sentenced for violating the White Slave Traffic Act of June 25, 1910 (36 Stat. 825 [Comp. St. §§ 8812–8819]).   The only complaint he makes in this court is of the admission at the trial of testimony that he borrowed a sum of money from the young woman in the case and had not repaid it.   He urges that the testimony was not relevant to the question of his guilt, and that its admission was prejudicial.

[1, 2] Whether prejudice results from the erroneous admission of evidence at a trial is a question that should not be considered abstractly or by way of detachment.   The question is one of practical effect, when the trial as a whole and all the circumstances of the proofs are regarded.   In the case before us the evidence of guilt, aside from that challenged, was overwhelming and undisputed.   It was wholly that of the prosecution, and no denial or explanation of it was made in defense.   The guilt of the accused could not have appeared more conclusively, had he pleaded guilty in open court.   It is manifest that he was not prejudiced by the admission of the testimony to which reference has been made.   This conclusion makes it unnecessary to consider whether the testimony was relevant or material.

The sentence is affirmed.