### ARMSTRONG v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. November 29, 1926.)

No. 4930.

1. Indictment and information ⊜45—Filing of new information by permission of court destroyed all functions of old information.

Filing of new information by permission of court destroyed all functions of old information as fully as if it had been dismissed by formal motion.

2. Indictment and information ⊜161(1)—Information may be amended in either form or substance.

Information, being official act of United States attorney, and not being founded on oath of grand jury, may be amended in either form or substance.

3. Indictment and information ⊜161(9)—Original information is set aside and abandoned by amendment thereto.

When an information is amended, the original information is thereby set aside and abandoned.

4. Indictment and information ⊜15(5)—Indictment may be superseded only by indictment under oath by grand jury.

Indictment is returned under oath by grand jury, and may be superseded only by an indictment of equal solemnity.

*Rehearing denied January 31, 1927.

5. Indictment and information ⊜130—Maintenance of nuisance by unlawfully manufacturing liquor and by keeping liquor for sale may be charged in different counts.

Maintenance of nuisance in different counts, one by unlawful manufacturing liquor and other by keeping liquor for sale, held not misjoinder.

6. Criminal law ⊜984—Sentence on one of counts charging nuisance by unlawful manufacture of liquor and keeping liquor for sale held permissible.

Sentence on only one of counts charging maintenance of nuisance by unlawful manufacture of liquor and by keeping liquor for sale held permissible.

7. Criminal law ⊜984—Sentence on one count after conviction on more than one, not exceeding that which might be imposed thereon, is good, if count is sufficient.

Where conviction was had on more than one count the sentence, if it does not exceed that which might have been imposed on one count, is good, if such count is sufficient.

8. Criminal law ⊜177—Trial on new information after writ of error to review order denying petition to quash search warrant to exclude evidence was dismissed does not place defendant in jeopardy twice.

Trial on new information on dismissal of writ of error to review order denying petition to quash search warrant and exclude evidence held not placing defendant in jeopardy twice, since there is no finalty of previous adjudication.

9. Intoxicating liquors ⊜236(6½, 9)—Evidence held to sustain conviction for maintaining nuisance by keeping liquor for sale and for unlawful possession.

Evidence held to sustain conviction for maintaining nuisance by keeping liquor for sale and for unlawful possession of liquor.

10. Criminal law ⊜1186(4)—Defendant must show that evidence alleged to have been erroneously admitted was prejudicial (Judicial Code, § 269, as amended by Act Feb. 26, 1919 [Comp. St. § 1246]).

Under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246), defendant, in liquor prosecution, must show that alleged erroneous admission of stills and liquor was prejudicial to him.

11. Criminal law ⊜693—Objection to admission of still and liquor at time of offer in evidence held too late (Const. Amends. 4, 5).

Objection to admission of still and liquor in evidence, on ground it was taken illegally, in violation of Const. Amends. 4, 5, made at time still was offered in evidence, was too late.

12. Intoxicating liquors ⊜249—Defendant not claiming premises searched or property seized cannot urge unreasonable search.

Defendant not making any claims to premises searched or property seized cannot urge unreasonable search on which to base constitutional right.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Ivor Armstrong was convicted of possession of property for manufacture of liquor, maintenance of nuisance by manufacturing liquor, manufacture and possession of liquor, and with maintenance of nuisance by keeping liquor for sale, and he brings error. Affirmed.

Plaintiff in error seeks reversal of conviction on five counts. Two informations were filed in this case, one June 10, 1925, in four counts, charging the defendant and another with violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) on May 22, 1925, at 1143 Post street, San Francisco —count 1 charging possession of property designed for the manufacture of liquor, etc.; count 2, the maintenance of a nuisance by manufacturing liquor on the premises; count 3, manufacture of the same liquor; count 4, unlawful possession of the same liquor. This information was predicated upon the affidavit of E. A. Powers.

August 13, 1925, the defendant moved to quash the search warrant and exclude from the evidence articles seized on the ground that the warrant was not issued in the name of the President or the United States; that the affidavit does not state facts constituting probable cause; that the affidavit does not name the owner or occupant of the building. This motion was denied by Judge Kerrigan. A bill of exceptions was presented to Judge Kerrigan August 31, "to be used on writ of error to review the order denying the petition to quash the search warrant and exclude evidence." This was settled, approved, and allowed September 10, 1925. The defendants brought the matter here on writ of error. See Jacobs et al. v. U. S. (C. C. A.) 8 F.(2d) 981. On motion the writ was dismissed, on the ground that the order denying the petition to return the seized property was not a final order.

On September 30, 1925, by leave of court, a new information, styled an "amended" information, was filed against the defendant, predicated upon the affidavit of Fred A. Lea. The acts charged in counts 1, 2, 4, and 5 were identical with counts, 1, 2, 3, and 4 in the first information, except that the defendant alone is charged. Count 3 in the new information charged maintenance of a nuisance by keeping for sale 395 gallons of so-called "jackass brandy" at 1143 Post street, etc.

On October 3, 1925, a motion to quash the new information was made, alleging that the court had not power to authorize it; that it was in violation of the Sixth Amendment to the Constitution; that there is a misjoinder in counts 2 and 3, each charging a nuisance on the same premises at the same time and place; and that defendant will be twice placed in jeopardy for the same offense, in violation of the Fifth and Sixth Amendments to the Constitution. This motion was denied.

On May 11, 1926, the cause came on for trial before Judge St. Sure, and a verdict was returned May 13, at 3:40 p. m. Witness Powers, on behalf of the government, testified that on May 22, 1925, he was a prohibition agent, and had been for two years and nine months; that he had visited 1143 Post street, the premises in issue, several times. It consisted of a garage and automobile repair shop. The occasion of the first visit was tracing a shipment of "so-called 'corn sugar,' which is used in the manufacture of whisky * * * to the garage. * * *" On May 22, with Lea and two police officers he visited the premises, and "on the mezzanine floor we found four copper stills, two of them still warm, and 395 gallons of so-called 'jackass brandy' in whisky barrels," and other things mentioned. The plaintiff then offered the stills and samples of the liquor in evidence. Defendant objected, on the ground that it was illegally taken, in violation of the Fourth and Fifth Amendments to the Constitution, and on cross-examination identified a search warrant, and also specified "each and every ground theretofore stated in support of the motion previously made to quash the search warrant and exclude the evidence. * * *" The objection was overruled, and thereafter certain other witnesses were sworn and testified for the government and for the defendant.

Two bills of exceptions are in the record —one to the proceeding under the first information, where the defendant and another were charged, and which was brought to this court on error (Jacobs et al. v. United States, supra); and the proceeding under the new information, where the defendant alone is charged, and on which conviction was had.

William F. Herron, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge (after stating the facts as above). [1-4] It must be ob-

vious that the bill of exceptions to the proceeding on the old information, before this court in Jacobs et al. v. U. S. (C. C. A.) 8 F. (2d) 981, can serve no purpose on this appeal. The filing of the new information by the court's permission destroyed all functions of the old information as fully as though it had been dismissed by formal motion. State v. Hoffman, 70 Mo. App. 271.

The so-called "amended" information was in fact a new information, filed in the old case against the defendant alone, supported by affidavit of a person other than the affiant in the old information. The new information had the same solemnity and contained every requisite of an original information. Even if considered as "amended," it was the official act of the United States attorney, and, not being founded upon the oath of a grand jury, it may be amended in either form or substance. United States v. Evans, 25 Fed. Cas. 1034, No. 15,063; United States v. Shuck, 27 Fed. Cas. 1072, No. 16,-285; Virginia v. Smith, 28 Fed. Cas. 1225, No. 16,965.

When an information is amended, the original information is thereby set aside and abandoned. Brown v. State, 5 Okl. Cr. 567, 115 P. 615; Harris v. State, 9 Okl. 658, 132 P. 1121; State v. Hoffman, supra. An information, being the official act filed under the oath or certificate of the United States attorney, is differentiated from an indictment, in that an indictment is returned under oath by the grand jury, and it may only be superseded by an indictment of equal solemnity. Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849.

[5-7] There was no error in denying the motion to quash. There was no misjoinder of offenses. Count 2 charges the maintaining of a nuisance by unlawfully manufacturing intoxicating liquor, and count 3 the maintaining of a nuisance by keeping for sale on the premises of intoxicating liquor. The United States attorney had a right to charge the maintenance of a nuisance in different counts on different facts. Different testimony was required for a conviction on these counts. The testimony might be sufficient on one count and insufficient upon the other. No motion was made to elect after the government closed its case, or at the conclusion of the trial; but that is immaterial, since sentence was passed only upon one of the controverted counts. This was a permissible sentence for the offense charged. "Where conviction is had upon more than one count, the sentence, if it does not exceed that which might be imposed on one count, is good, if

that count is sufficient." Kuehn v. United States (C. C. A.) 8 F.(2d) 265. See, also, Koth v. United States (C. C. A.) 16 F.(2d) 59, just decided.

[8] Nor was the defendant twice placed in jeopardy by trial upon the new information. There was no finality of any previous adjudication. See Commonwealth v. Ellis, 101 Mass. 125; United States v. Oppenheimer, 242 U. S. 85, 37 S. Ct. 68, 61 L. Ed. 161, 3 A. L. R. 516.

[9-12] Primarily the defendant was engaged in supplying the public with distilled spirits contrary to law. He had in stock 395 gallons. Whether the court committed prejudicial error in admitting in evidence the stills, etc., is not apparent, since the record fails to include the testimony that was introduced at the trial. No objection was made to the testimony of the witness Powers of finding "four copper stills, two of them still warm, and 395 gallons of so-called 'jackass brandy' in whisky barrels." This testimony is not denied, and is conclusive of guilt on counts 3 and 4, the only counts with which we are concerned. See Horning v. United States, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185; Williams v. United States (C. C. A) 265 F. 625.

This testimony being before the court without objection as to the finding of the stills, the condition in which they were found, the temperature disclosed, the 395 gallons of liquor which the witness saw, when the record further discloses that "thereafter certain other witnesses were sworn and testified for the government and for the defendant," even though we should conclude that the stills and the liquor were erroneously received, there is nothing before the court to show that this act, if error, is in any sense prejudicial to the defendant.

No other objection or motion in the record challenges the sufficiency of the evidence to support the verdict. Every requisite of proof was before the court, and under section 269, Judicial Code as amended, 40 Stat. 1181 (Comp. St. § 1246), the plaintiff in error has not shown that he was denied a "substantial right." No objection was made in the proceeding under the new information, nor was the search challenged in the proceeding under the new information, until the still was offered in evidence. This was not timely. See Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Agnello v. United States (C. C. A.) 290 F. 672.

Nor does the record show that the defendant made any claim either to the premises searched or the property seized, and in the absence of such claim, cannot urge unreasonable search upon which to base a constitutional right. See Lewis et al. v. United States (C. C. A.) 6 F.(2d) 222. The intent of section 269, supra, as amended, is that the complaining party must show that he was denied a substantial right. Haywood v. United States (C. C. A.) 268 F. 795. Williams v. United States (C. C. A.) 265 F. 625. This he has not done.

The judgment is affirmed.