## HADLEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.
March 17, 1927.)

No. 7211.

1. **Criminal law ⟐739(1)—Prohibition agent's calling at defendant's store to purchase liquor held not entrapment as matter of law.**

Action of prohibition agent in calling at defendant's store and purchasing liquor, and returning thereafter for purpose of making another purchase, accompanied by another federal agent, *held* not to constitute entrapment as matter of law.

2. **Criminal law ⟐37—Government officers may solicit sales of liquor, without it constituting entrapment.**

Government officers, in prosecution of their duties, have right to solicit sales of liquor, without it constituting entrapment.

3. **Criminal law ⟐1186(4)—Admitting evidence of conversation in defendant's store between defendant and customer held not of sufficient importance to warrant reversal (Judicial Code, § 269, as amended by Act Feb. 26, 1919 [Comp. St. § 1246]).**

Admitting evidence of prohibition agent concerning conversation in defendant's store between defendant and customer *held* not of sufficient importance to constitute reversible error, under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246), requiring that complaining party must show evidence affected a substantial right.

4. **Searches and seizures ⟐7(10)—Seizing alcohol from defendant's daughter, taken by her after whispered conversation with defendant, after service of warrant, held constitutional.**

Where defendant, after being served with search warrant at his store, whispered to his daughter, who walked back of prescription counter and picked up a package containing alcohol, request of federal agents therefor *held* not to constitute an unconstitutional search, since officers have right to prevent removal of anything of evidential nature while lawful search is in progress.

5. **Arrest ⟐71—Officers may search defendant and premises after his arrest.**

When defendant is under arrest, officers may search him and premises and seize any evidence of crime.

6. **Intoxicating liquors ⟐173—Conviction may be had for both possession and sale of liquor.**

Conviction both for possession and for sale of liquor may properly be had, since possessing and selling constitute distinct offenses, punishable as such.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Roscoe E. Hadley was convicted of possession and sale of gin, and of possession of alcohol, and he brings error. Affirmed.

L. D. Mitchell, of Oklahoma City, Okl., for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Leslie E. Salter, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before KENYON, Circuit Judge, and SYMES and MOLYNEAUX, District Judges.

SYMES, District Judge. Roscoe E. Hadley, plaintiff in error, defendant below, was indicted in the District Court of the United States for the Western District of Oklahoma for violations of the prohibition law. Counts 1 and 2 charge possession and sale, respectively, of alcohol on February 27, 1925; count 3 charges possession of gin on March 2, 1925; count 4, sale of a pint of gin on the same date; and count 5, possession of 28 ounces of alcohol on March 21, 1925. The jury found him not guilty on counts 1 and 2, and guilty on the third, fourth, and fifth counts. Twenty errors are assigned on this appeal, many of which are wholly irrelevant, such, for instance, as the refusal of the lower court to grant a new trial, and the overruling of the defendant's motion for a directed verdict, made at the close of the government's case, although the defendant thereafter put in a defense. We will discuss such of defendant's points as we deem merit attention.

[1] Assignments 4 to 7, inclusive, raise the question of entrapment. The facts pertinent thereto are: The defendant ran and operated what his counsel denominates as a very high-class drug store in Oklahoma City. On February 27, 1925, Prohibition Agent Fable called at the drug store in the evening and introduced himself to the defendant, stating that he wanted some alcohol for a party. Defendant replied that he had no alcohol, and did not even have a permit therefor. After a general discussion of business conditions, etc., the defendant finally stated that he could furnish a quart of alcohol if the agent would return in about an hour. Fable left and returning later, as directed, the defendant took him behind the prescription case and made a delivery of a quart bottle of alcohol, for which he received $12. He said to Fable, "I will show you how to make a better drink and cut that alcoholic taste," and presented the agent with a small bottle of juniper berry for that purpose. Fable visited the store again on March 2d, accompanied by another federal agent. The defendant was out, but returned very shortly, accompanied by a man referred to as "Bill."

Upon being solicited to make another sale, the defendant turned and had a short conversation with this party, and then instructed the agents to come back in half an hour. They accordingly left, and upon their return the defendant stated: "I just can't place you. Just who are you?" Upon the agent stating that he was the party who had made the purchase a few nights before, Hadley stated that he recalled him, and thereupon sold him a pint bottle of gin for $3.50. The agent then introduced his companion as a friend who would probably be back to buy more alcohol, and Hadley stated that he would remember him.

[2] This does not constitute entrapment as a matter of law. Government officers, in the prosecution of their duties, have the right to solicit sales of liquor in the manner here pursued. They approached the defendant at his usual place of business, and he, according to the testimony, yielded as soon as he was satisfied that he could safely deal with them. A few days later he made a second sale, and indicated that he would be glad to do business with them in the future. In Smith v. U. S. (C. C. A.) 284 F. 673, this court held it was not entrapment to ask a physician to write an illegal prescription, or to ask a druggist to sell narcotics illicitly, because both of them know better, and, if they are going to obey the law, they will not do that in response to any form of petition or inducement.

Further, this question was submitted to the jury under proper instructions, to which no exceptions were taken. The jury found the defendant not guilty on the first sale, so it may be that they believed the defendant was entrapped on that occasion, but no such claim can be asserted as to the subsequent transactions. The facts are entirely different from those in the Butts Case (C. C. A.) 273 F. 35, 18 A. L. R. 143. See also Silk v. U. S. (C. C. A.) 16 F.(2d) 568, De Long v. U. S. (C. C. A.) 4 F.(2d) 244, and Rossi v. U. S. (C. C. A.) 293 F. 896.

[3] Assignment 8 relates to certain testimony of agent Fable concerning a conversation in the drug store between the defendant and a negro customer. The court overruled defendant's motion to strike it out. Later, when the district attorney asked the second agent to relate this conversation, the court sustained the objection, and instructed the jury not to consider it. The evidence was, perhaps, inadmissible, but not of sufficient importance to have prejudiced the defendant, and if error it was corrected. Under section 269, Judicial Code, as amended (Comp. Stats. § 1246), the complaining party must show that the evidence affected a substantial right. Armstrong v. U. S. (C. C. A.) 16 F.(2d) 62.

[4] On the evening of March 21st the officers again called at the store and served the defendant with a search warrant, the validity of which is not questioned. Thereupon the defendant motioned to his daughter, a girl of 11 or 12 years, who was seated at a table toward the rear of the store. She came over to the cash register, where he was standing, and he said something to her in a whisper. She then walked back behind the prescription counter and was seen to pick up a package and proceeded toward the front door. One of the agents asked her what she had and she replied she had a can, which she gave to the agent upon request. It was found to contain 28 ounces of alcohol. This evidence was offered in support of count 5 over objection. It is argued that this was an illegal and unconstitutional search, not authorized by the warrant, which gave them no right to stop the little girl and take the alcohol from her.

[5] First, it may be said that the defendant cannot complain of the search of his daughter, unless he claims some interest in the property taken from her. Rosenberg v. U. S. (C. C. A.) 15 F.(2d) 179; The Goldberg Case, 297 F. 98; Chicco v. U. S. (C. C. A.) 284 F. 434; Armstrong v. U. S (C. C. A.) 16 F.(2d) 62; and Graham v. U. S. (8th C. C. A.) 15 F.(2d) 740. It appears that this alcohol was on the defendant's premises and technically in his possession at the time the search warrant was served upon him. Clearly officers have the right to prevent the removal of anything of an evidential nature while a lawful search is in progress. The defendant being under arrest, the officers may search him and the premises, and seize any evidence of crime.

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted." Agnello v. U. S., 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145. See, also, Garske v. U. S., 1 F.(2d) 620 (8th C. C. A.); U. S. v. Old Dominion Warehouse, Inc. (C. C. A.) 10 F.(2d) 736, and Marron et al. v. U. S. (C. C. A.) 8 F.(2d) 251.

[6] Under another group of assignments,

counsel for appellant argues that, as the acts of possession were merely incidental to the sales, conviction on both cannot stand This question, on which appellate courts have not been in complete accord, has been definitely settled in Albrecht v. U. S. (January 3, 1927) 47 S. Ct. 250, 71 L. Ed. ——, in which the court held:

"But possessing and selling are distinct offenses. One may obviously possess without selling, and one may sell and cause to be delivered a thing of which he has never had possession, or one may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step · leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction."

The remaining assignments relate to matters upon which there was a conflict of evidence. They were submitted to the jury under proper instructions and no exception taken.

We think the judgment of the lower court should be affirmed; and it is so ordered.