## PORTER v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 11, 1929.

No. 8124.

Walter F. Maley, of Des Moines, Iowa, for plaintiff in error.

Ross R. Mowry, U. S. Atty., of Newton, Iowa, Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa, and Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa.

Before STONE and KENYON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. The information filed in the court below on December 7, 1926, charged the defendant with the unlawful possession of intoxicating liquor on the 22d day of August, 1926. On December 1, 1927, the information, by leave of court, was amended by the addition of two counts—one charging a sale of intoxicating liquor to one Waltermire on the 9th day of September, 1927; the other charging the defendant with unlawfully giving information on said date to said Waltermire how intoxicating liquor could be obtained in violation of the National Prohibition Act. The defendant was convicted and sentenced on all the counts of the information as amended.

His first contention in this court is that the evidence was insufficient to support the verdict of the jury, and that the trial court should have directed a verdict for defendant upon each count of the information, as requested by him at the close of the evidence. This contention is without merit. The testimony of the witnesses for the government, if true, proves a sale and delivery of intoxicating liquor by the defendant to one Ryan at the time and place charged in the first count of the information, and personal delivery on sale necessarily implies possession, the offense charged in the first count of the information.

The testimony of the witnesses for the government, if true, proves that the defendant aided and abetted in the sale charged in the second count of the information, as it does that the defendant unlawfully gave information leading up to this sale, thus sustaining the charge made in the third count of the information.

It is contended that the testimony of the defendant, who testified as a witness at the trial in his own behalf, made out or tended to make out a case of entrapment in respect to the offenses charged in the second and third counts of the information. We do not think so. Considered most favorably for defendant, his testimony shows that he willingly and without undue solicitation conducted a government witness, Waltermire, to one Rand, who personally made the sale charged in the second count of the information. De Witt, the companion of Waltermire, with whom the defendant first talked, was not a

witness in the case, so that we have only the version of the defendant as to what transpired between them shortly before the sale by Rand to Waltermire.

Accepting the defendant's account of his connection with the sale by Rand to Waltermire at its face value, it appears that he volunteered to find Rand for De Witt, and did in fact find him and send him to De Witt, knowing all the time that De Witt and Waltermire intended to buy intoxicating liquor from Rand if they could. The defendant testified: "I told him [De Witt] that I could find him [Rand] at the Cargill Hotel at Seventh and Grand." Again he testified that he said: "Well, if you [De Witt] will wait, I am going to work. I will go over Seventh street, and if you will follow me down I will show you where this place is, and probably I can find Pete for you. ❋ ❋ ❋ So I went into Cargill Hotel, and found Pete Rand, and told him a man by the name of De Witt wanted to talk to him."

The defendant in his testimony gave other details, but that quoted demonstrates that this was not a case of entrapment and the trial court did not err in refusing to give the requested instruction on entrapment. There was no error in the refusal of the trial court to require the government to elect between counts 2 and 3 of the information. The statute under which count 3 is drawn provides that "no person shall ❋ ❋ ❋ give any information of how liquor may be obtained in violation of this chapter." 27 USCA § 31.

■ Clearly, giving information of how liquor may be obtained in violation of the National Prohibition Act, the offense charged in the third count, is a separate and distinct offense from selling intoxicating liquor, or aiding and abetting in its sale, the offense charged in the second count of the indictment. See Albrecht v. United States, 273 U. S. 11, 47 S. Ct. 250, 71 L. Ed. 505.

■ Complaint is made that incompetent evidence was introduced by the government tending to show the true name of defendant and his place of residence on August 22, 1926. The defendant in his testimony gave both his name and residence, as shown by the evidence objected to. In view of this state of the record, defendant was not prejudiced, even if it be assumed that his objections were well taken, a matter not determined.

We find no prejudicial error in the record, and the judgment of the court below will be affirmed; and it is so ordered.