**CENDAGARDA et al. v. UNITED STATES.**
**No. 722.**

Circuit Court of Appeals, Tenth Circuit.
March 31, 1933.

Harley W. Gustin, of Salt Lake City, Utah (Samuel A. King, of Salt Lake City, Utah, and Arthur Woolley, of Ogden, Utah, on the brief), for appellants.

C. R. Hollingsworth, U. S. Atty., of Salt Lake City, Utah (Geo. H. Lunt and Edgar C. Jensen, Asst. U. S. Attys., both of Salt Lake City, Utah, on the brief), for the United States.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Henry Cendagarda, Frank Aboitiz, and Charles W. Brown were charged by indictment containing three counts with violations of section 88, title 18, USCA (section 37, Criminal Code). The court sustained a demurrer to the second count and directed a verdict of not guilty as to the first count.

The third count alleged that a complaint was filed before the United States commissioner for the Northern Division of the District of Utah charging Simon Bertolli with violation of the National Prohibition Act (27 USCA), and that a warrant was issued thereon for the arrest of Bertolli; that thereafter an indictment was returned in the United States District Court for such division and district charging Bertolli with a violation of the National Prohibition Act; that the defendants on October 16, 1930, in such division and district conspired to defraud the United States, "that is to say: to interfere with, obstruct and impede the administration of justice in" such district "and to interfere with and impede the United States, * * * in the exercise of its sovereign powers and functions of government, to-wit, the administration of justice and the apprehension and punishment of violators of criminal * * * laws of the United States"; that the objects of such conspiracy were that Brown should falsely represent himself to be the Bertolli named in such complaint and indictment, and the person who had violated the National Prohibition law as charged therein, to the officers of the United States, and should suffer the sentence imposed for such offense, and that Bertolli should escape punishment therefor. It further charged four overt acts to effect the objects of such conspiracy. Brown pleaded guilty to the third count.

At the close of the government's evidence, Cendagarda and Aboitiz moved the court to direct the jury to return a verdict finding them not guilty, on the ground that the proof had failed to establish a conspiracy to defraud the United States. This motion was overruled, and they were convicted and sentenced. They then filed a motion in arrest of judgment on the ground that the third count of the indictment did not state a public offense against the laws of the United States. This motion was denied.

The third count of the indictment is pred-

icated upon the following portion of section 88, title 18, USCA:

"If two or more persons conspire \* \* \* to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both."

▋ The administration of justice, the punishment of offenders, and the protection of the innocent are lawful functions of the judicial department of the United States. A conspiracy having for its object the impairing, obstructing, or defeating of the lawful function of any department of the government by deceit, craft, trickery, misrepresentation, or chicane is within the purview of the statute. Haas v. Henkel, 216 U. S. 462, 479, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; Hammerschmidt v. United States, 265 U. S. 182, 188, 44 S. Ct. 511, 68 L. Ed. 968. See also Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90; United States v. Keitel, 211 U. S. 370, 29 S. Ct. 123, 53 L. Ed. 230; Wallenstein v. United States (C. C. A. 3) 25 F.(2d) 708, and Green v. United States (C. C. A. 8) 28 F.(2d) 965. In such a case it is not necessary for the government to allege or prove any direct financial loss to the United States.

▋ It follows that the third count charged an offense against the laws of the United States, and the court properly instructed the jury that it was not necessary for the prosecution to establish that the effecting of the object of the conspiracy would have resulted in pecuniary loss to the United States.

▋ The evidence established the following facts: On the evening of October 10, 1930, two prohibition agents and two police officers entered the building at 2550 Wall avenue, Ogden, Utah. They found beer in the making, a still, whiskey, and mash. About eight o'clock Aboitiz entered the building and was placed under arrest. He claimed the beer but stated that the still belonged to one Simon Bertolli. About ten o'clock Cendagarda entered the building. He said that he had been trying to locate Aboitiz and a person at the Paris rooming house had told him that he was next door. Cendagarda inquired of Aboitiz as to who was running the still, and Aboitiz said it belonged to Simon Bertolli, a "heavy-set" Italian. Cendagarda, Aboitiz, and an officer left to look for Bertolli. They returned about twelve o'clock. Cendagarda then stated that if given the chance, he and

Aboitiz would try to locate Bertolli. The officers consented. On October 16, 1930, a complaint was filed with the United States commissioner charging Bertolli with the manufacture and possession of intoxicating liquor.

Palidoro installed the still at the request of Cendagarda; Aboitiz furnished Palidoro with the money to pay the cost of constructing the still. All three were partners in the operation of the still. The day after the raid, Cendagarda and Aboitiz requested Palidoro to take the blame. The latter refused. A short time thereafter Cendagarda, Aboitiz, and Mike Favero offered Palidoro $1,000 for his work. Later Favero gave Palidoro $1,000 at the former's place of business. After the payment Cendagarda and Aboitiz entered Favero's place, and Cendagarda said everything was settled, and another man would take the blame.

In October, 1930, Cendagarda told Brown he was in trouble over a still and wanted to know if Brown would be willing to be put under bond until they could catch the guilty person. Brown agreed and went with Cendagarda and Aboitiz to the commissioner's office. On the way Cendagarda told Brown to sign his name as Simon Bertolli, and Aboitiz wrote the name on a card and gave it to Brown. Brown appeared before the commissioner, represented himself as Bertolli, and signed an appearance bond. Later an indictment was returned against Bertolli charging him with the unlawful manufacture of intoxicating liquor. Brown again appeared, represented himself to be Bertolli, and entered a plea of guilty thereto. On the day set for the passing of sentence, Brown's true identity was discovered, and the time for passing sentence continued. The plea of guilty was later vacated, and Brown was discharged.

The facts and circumstances proven fully warranted the jury in finding that Aboitiz and Cendagarda were guilty of unlawfully manufacturing intoxicating liquor, contrary to the provisions of the National Prohibition Act; that to escape prosecution and punishment therefor they had entered into a conspiracy to represent Bertolli to be the guilty person, and to have Brown represent himself to be Bertolli, plead guilty to and to suffer the punishment for such offense; and that each actively participated in the carrying out of such conspiracy. While Cendagarda was the spokesman for the conspirators in most instances, Aboitiz was present throughout the conspiracy and was an actor, though usually a silent one, in the drama of fraud and chicanery by which they purposed to have an innocent man answer for their offense.

Evidence of certain declarations and admissions of the defendants was introduced. Everything said or done by a conspirator during the existence of the conspiracy and in the execution or furtherance thereof is admissible against his coconspirators. Minner v. United States (C. C. A. 10) 57 F.(2d) 506. Declarations and admissions made at other times are admissible only against the person making them. The court, at the outset, announced that if this evidence was not connected up, he would cover the matter in the charge. Since no instruction was requested limiting such admissions or declarations to the person making them, the defendants cannot now urge the failure of the court to so charge the jury. Latses v. United States (C. C. A. 10) 45 F.(2d) 949; Shepard v. United States (C. C. A. 10) 62 F.(2d) 683.

Certain hearsay evidence was admitted over objection, but it was in no way prejudicial to the defendants and is not ground for reversal. Hermansky v. United States (C. C. A. 8) 7 F.(2d) 458; Hadley v. United States (C. C. A. 8) 18 F.(2d) 507; Hurwitz v. United States (C. C. A. 8) 299 F. 449.

The judgment is affirmed.