## McCAIN v. UNITED STATES.

### No. 11226.

Circuit Court of Appeals, Fifth Circuit.

July 5, 1945.

Clint W. Hager and J. Frank Kemp, both of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Astor Merritt and Jas. T. Manning, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

■ Convicted of the unlawful possession and the unlawful transfer of gasoline ration coupons, the defendant, not contesting his conviction on the transportation counts three and five, seeks a reversal as to the conviction on the possession counts two and four. His point is that since the possession count two involved the same coupons dealt with in the transportation count three, and the possession count four with those dealt with in transportation count five, the crime of transportation included that of possession, and the conviction on the possession counts must be reversed.

If we could agree that possession and transportation do not constitute separate offenses and that the defendant could be sentenced on only two counts, we could not agree that he would be entitled to the relief he seeks. Given seven months on count two and six months on counts three, four and five, the sentence on counts three and five, the transportation counts, to be served concurrently with the sentence on count four, the second possession count, and therefore adding nothing to the time appellant must serve, he was in effect sentenced on only two counts, and he cannot complain that the first sentence to be served was imposed on the first possession rather than the first transportation count.[1] But we cannot agree that defendant could not be sentenced on both counts. The confusion which existed in the lower federal courts before the decision of Albrecht's case [2] no longer exists.[3] The cases appellant cites are no longer of force.

The judgment is affirmed.

---

[1] Cf. Miller v. United States, 2 Cir., 147 F.2d 372.

[2] Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505.

[3] Bonner v. United States, 8 Cir., 46 F.2d 619; Hadley v. United States, 10 Cir., 18 F.2d 507.