## 482

### McMURTRY v. UNITED STATES.
### No. 10827.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1943.

Writ of Certiorari Denied March 6, 1944.

See 64 S.Ct. 635.

No appearance was entered for appellant.

Malcolm E. Lafargue, U. S. Atty., and John A. Patin, Asst. U. S. Atty., both of Shreveport, La., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

### PER CURIAM.

The appeal is from an order by the District Judge overruling a motion filed Aug. 12, 1943, to set aside as illegal the verdict of guilty, and the sentence on Count One of the indictment as rendered March 2, 1942. This record shows that the indict- ment in Count One charged possession with intent fraudulently to utter it, of a one dollar silver certificate altered to represent twenty dollars; and in Count Two charged that on the same date the same altered certificate was fraudulently uttered and passed. The accused appeared by counsel, who filed a demurrer and motion to quash the indictment, which was overruled, and plea of not guilty was entered. The trial resulted in a verdict of guilty expressly on both counts. The sentence was for penitentiary imprisonment on the first count, with suspension of sentence and probation on the second. No proceedings for review were prosecuted, and the accused, appellant here, entered on service of his sentence.

The ground of the motion to set aside the verdict and sentence on the first count is that the evidence showed only a passing by appellant of the altered certificate to a Mrs. Pittman to pay room rent in advance, accepting change for the difference, and appellant did not return to occupy the room; also an effort to rent a room from a Mrs. Arch and an offer to pay a twenty dollar bill in advance, with a return of change, but she could not make the change and appellant did not return to occupy the room. The contention is that there was no evidence to show that the bill offered to Mrs. Arch was altered, or was the same one passed to Mrs. Pittman, and that the possession of it for the purpose of passing it to Mrs. Pittman was not a separate offense from the passing but only a part thereof, so that conviction on both counts was a double punishment contrary to the Fifth Amendment.

The statute, 18 U.S.C.A. § 265, punishes the fraudulent passing of an altered security of the United States, and also the keeping of such in possession with intent so to pass it. It is entirely possible that one may keep the security in possession with intent to pass it long enough to commit that crime and afterwards commit the crime of passing it. Both acts may be punishable without double jeopardy. It was so ruled in United States ex rel. Simkoff v. Mulligan, 2 Cir., 67 F.2d 321. Like rulings under the liquor and narcotics laws may be found in Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505, and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. The double conviction here is not on the face of the record illegal.

The evidence of what happened has not been preserved. The movant here merely states his recollection of it, and of the argument of the prosecuting attorney. The jury may have concluded it was proven by the circumstances shown that the altered certificate was first offered Mrs. Arch, and then kept in possession till offered at a later time to Mrs. Pittman and passed to her, which would clearly we think show two separate crimes. But at last the motion depends on things not of record, and seeks the setting aside of a regularly rendered verdict. This can be done only by a motion for new trial within the time fixed by the Rules of Procedure in Criminal Cases after Verdict. See 292 U.S. 662, 54 S.Ct. xxxvii. The court did not err in dismissing the motion.

Affirmed.