## UNITED STATES v. CHIARELLA et al.

### No. 48, Docket 21741.

United States Court of Appeals
Second Circuit.

Argued Nov. 22, 1950.

Decided Jan. 5, 1951.

Petition of Prosecution for Rehearing
Denied Feb. 6, 1951.

Michael P. Direnzo, New York City, for appellant Vincent Palmisano.

David J. Paully, New York City, for appellant Anthony Pietraniello.

Mordecai M. Merker, New York City, for appellant John J. Stancin.

Abraham V. Kaplan, New York City, for appellant Anthony Chiarella.

Irving H. Saypol, U. S. Atty., New York City (Myles J. Lane, Bruno Schachner, Robert M. Reagan, New York City, of counsel), for the United States.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

PER CURIAM.

In accordance with the leave which we gave when we affirmed the convictions, the parties have now filed their briefs upon the point which we then raised of our own motion: i.e. whether Counts One and Two do not duplicate each other, and whether each does not duplicate Count Three. Count Two was for "keeping in possession" counterfeit money "with intent to defraud," and 18 U.S.C.A. § 472 makes that an offence alternative to passing, uttering, publishing, selling, or concealing. So far therefore as any possession is a necessary incident to any of the other offences, it can-

not have been intended as a separate offence. As to Chiarella, he certainly did not wish to "keep in possession" the counterfeits for an instant longer than was necessary; he wished to sell them and presumably to be rid of such dangerous goods with the utmost expedition. True, he was privy to their retention by Pietraniello and Seidler, while he, Palmisano and Gopadze went back to get the payment in Manhattan; but he was the seller, and Pietraniello was his agent to hold the goods until the price was paid. It is of no moment that this involved a delay of some hours before the exchange took place; that was the period required to make the sale and it was a part of the sale. So too as to Count One, for § 473 makes receiving an alternative to buying, selling, exchanging, transferring and delivering, and again that pre-supposes more than is inevitably involved in the other prohibited acts. Chiarella "received" the counterfeits only in order to deliver them, and delivery was certainly a part of the sale, not a separate act, like, for instance, receiving them preparatory to their utterance by someone else. Neither Count One, nor Count Two was proven, each was included under the sale, and cannot stand as a separate offence.[1] The same reasoning applies, if anything more clearly, to Stancin.

The conviction upon Counts One and Two will be reversed and the indictment dismissed as to them.

The conviction on Counts Three and Four will be affirmed with an aggregate sentence of fifteen years.

### On Petition of the Prosecution for Rehearing

The prosecution is right in saying that we asked for briefs only upon the question whether Count One or Count Two was proved, and that we decided that both were not proved; but that Count Three was proved. Our decision was deliberate; but we have considered the arguments made to so show that we were wrong, and they do not persuade us. The sentence will be as we said: that imposed upon Count

Three—ten years—to which will be cumulatively added that imposed on Count Four—five years. If Pietraniello wishes to make any application in the light of what we said in our opinion upon the reserved question, we will entertain his application. We have nothing to add to our opinion of January 5, 1951.

Petition denied.

---

[1]. Schroeder v. United States, 2 Cir., 7 F.2d 60; Woods v. United States, 8 Cir., 26 F.2d 63.