UNITED STATES v. PIETRANIELLO et al.

No. 48, Docket 21741.

United States Court of Appeals
Second Circuit.

March 28, 1951.

Vine H. Smith, Brooklyn, N. Y., and David J. Paully, New York City, for Pietraniello.

Myles J. Lane, Bruno Schachner and Albert A. Blinder, New York City, for the United States.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

## PER CURIAM.

On October 30, 1950, in affirming the convictions of Chiarella, Stancin and Pietraniello on our own motion we gave leave to Chiarella and Stancin to reargue the affirmance of their convictions on Counts One or Two;[1] and on January 5, 1951, U. S. v. Chiarella, 2 Cir., 187 F.2d 12, we reversed the convictions on both these counts, leaving undisturbed only the sentences on Counts Three and Four. The prosecution moved for reargument of this decision which we denied, but in concluding our opinion we said that in view of the change we had made, we would entertain a rehearing of Pietraniello's conviction upon Count Two: *i. e.,* for possession. Briefs have been filed by both sides and we now reaffirm the conviction against him. His situation is altogether different from that of Chiarella and Stancin. The verdict as to them was upon all three of the substantive counts: receiving, possessing and selling; and we held that the receipt and possession of the bills were no more than incidents of the sale, and might not be prosecuted as independent crimes. We fail to see any such question or any inconsistency in the verdict, acquitting Pietraniello of receiving and selling, but convicting him of possessing. The jury may very well have been satisfied that he knew that the bills of which he was in possession were counterfeits, without being satisfied that he was a party to the sale in the sense that made him an accomplice: that is, they may have had doubts as to how far he did "in some sort associate himself with the venture" or "participate in it as in something that he wishes to bring about" or "seek by his action to make it succeed."[2] It is indeed doubtful whether he was more than a fetch-and-carry for Chiarella, who did his bidding in bringing the bills to Chiarella's apartment, but had no interest in the sale, even assuming that he knew they were to be sold. The acquittal upon the conspiracy count is indeed consistent only with that assumption. We cannot see that Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180, has any bearing upon the question.

Motion denied.

1. United States v. Chiarella, 2 Cir., 184 F. 2d 903.

2. Nye & Nissen v. United States, 336 U. S. 613, 619, 69 S.Ct. 766, 770, 93 L.Ed. 919.