### UNITED STATES v. FARINA et al.
#### Docket 21694.

United States Court of Appeals
Second Circuit.

Motion Submitted June 4, 1951.

Decided Dec. 28, 1951.

---

A. H. Saul, New York City, for appellants-petitioners.

Irving H. Saypol, U. S. Atty. Bruno Schachner and John D. Kelly, Asst. U. S. Attys., all of New York City, for United States of America.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Petitioners Farina and DiPalermo were indicted and convicted for having in their possession on April 28, 1949 certain counterfeit bank notes in violation of 18 U.S.C. § 472, for the sale of the same notes on the same day in violation of 18 U.S.C. § 473, and for conspiring to commit both acts in violation of 18 U.S.C. § 371. The trial judge imposed sentences of fifteen years on the possession count, ten years on the sale count, and five years on the conspiracy count, the sentences to run concurrently. An appeal was taken to this court and the convictions were affirmed, United States v. Farina, 2 Cir., 184 F.2d 18, whereupon the petitioners unsuccessfully applied for a writ of certiorari to the Supreme Court, 340 U.S. 875, 71 S.Ct. 121, 95 L.Ed. 636, and for a rehearing on the denial of the writ, 341 U.S. 928, 71 S.Ct. 795, 95 L.Ed. 1359.

The petitioners present this application for a rehearing by this court on the ground that the decision in United States v. Chiarella, 2 Cir., 187 F.2d 12, which was rendered after our decision affirming the petitioners' convictions and the denial of the writ, makes the multiple sentences imposed in the case at bar illegal. With this contention we do not agree and the petition for rehearing must be denied.

In the Chiarella case, the defendants had been indicted and convicted on four counts for receiving, possessing and selling counterfeit currency and for a conspiracy to commit the same. The trial judge there imposed sentences of ten years on each of the first three counts, and five years on the conspiracy count, the sentences on the first, second and fourth counts to run consecutively and the sentence on the third count to run concurrently with the first two. On appeal, the court, while affirming the convictions, was disturbed by the cumulative sentences and expressed doubt as to whether certain of the counts stated separate crimes which could be separately punished. Of its own motion it granted leave to the defendants to present briefs on this question. United States v. Chiarella, 2 Cir., 184 F.2d 903, at page 911. Upon a rehearing, it said that: "Neither Count One (receiving), nor Count Two (possession) was proven, each was included under the sale, and cannot stand as a separate offence." 187 F.2d at page 13. On that ground it reduced the term of imprisonment from twenty-five to fifteen years.[1]

1. On petition for a writ of certiorari, the Supreme Court, per curiam, on the confession of error by the Solicitor General vacated the judgment of the Court of Appeals and remanded the case to the district court for resentencing. 341 U.S. 946, 71 S.Ct. 1004, 95 L.Ed. 1370.

The Supreme Court's disposition of

Whatever effect the doctrine expressed in the Chiarella case may have,[2] we think that decision does not govern the present situation. There, cumulative sentences were imposed upon the defendants for acts which the court found did not constitute separate offenses. But the imposition of a single sentence for either possession or sale would seem to be valid even if those acts were so closely related as not to be cumulatively punishable. It cannot be doubted that Congress could make the act of possessing counterfeit currency punishable and that the petitioners in the present case were properly convicted and sentenced for having committed that act. So, should we assume that the facts of this case would permit punishment for only a single offense, that is all that was actually done here. The sentence on the sale count added nothing to the length of time the petitioners must serve under the sentence imposed on the possession count. That sentence would have been lawful if standing alone, and there is no additional imprisonment as in Chiarella.

Petitioner Sperdutto, who was indicted on the same counts as Farina and DiPalermo, was acquitted by the jury on the first count and received a sentence of ten years on the second count and five years on the conspiracy count, the sentences to run consecutively. No contention has been made that the Chiarella case in any way affects the sentence imposed on Sperdutto, as indeed it does not; however, it is urged that as a matter of fairness, Sperdutto should not be required to serve a longer sentence than his co-defendants. Since we find no error in the sentences imposed on Farina and DiPalermo, Sperdutto's petition must also be denied.

FRANK, Circuit Judge (concurring).

Less than a year ago, this court held that a conviction for possessing counterfeit money could not be based upon possession

the case would not seem to indicate any approval of the decision of the Court of Appeals.

2. See Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505; United States v. Michener, 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818; Hadley v. United

which was solely incidental to a proven sale of the same counterfeit money. We said, in reversing the conviction for such possession: "So far therefore as any possession is a necessary incident to any of the other offences, it cannot have been intended as a separate offence." United States v. Chiarella, 2 Cir., 187 F.2d 12, 13. This conclusion was not casually reached; indeed, it was reaffirmed on a denial of the government's petition for rehearing. It was then, and I think it still is today, the only compelling rationale for doing away with the evil of cumulative sentencing for identical counterfeiting offenses.

My colleagues' opinion might perhaps be read as implying that we are in effect overruling Chiarella. As I am unwilling to have it appear that I join in such an implication, I note that my colleagues' opinion can be, and I think should be, reconciled with Chiarella as follows: When a defendant is charged, pursuant to § 472, with possession, and the proof is of possession incidental to a sale, the defendant may be sentenced under § 472 for fifteen years (the maximum under that section), provided he is not cumulatively sentenced for a sale, whether under § 472 or § 473.

States, 8 Cir., 18 F.2d 507; Bonner v. United States, 8 Cir., 46 F.2d 619; United States ex rel. Simkoff v. Mulligan, 2 Cir., 67 F.2d 321; Note, 45 Harv.L. Rev. 535, 538, none of which was mentioned, let alone discussed, in the Chiarella case.