**UNITED STATES of America,
Appellee.**

v.

**Peter DI PALERMO, Appellant.
No. 176, Docket 23791.**

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1955.

Decided Jan. 3, 1956.

---

11. Rule 65(c), F.R.C.P.

12. Rule 52(a), F.R.C.P.

13. 28 U.S.C.A. § 2281 et seq.

Paul W. Williams, U. S. Atty. for the Southern District of New York, New York City (Arnold Guy Fraiman, Asst. U. S. Atty., New York City, of Counsel), for appellee.

Nathan Kestenbaum, New York City, for appellant.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

Having been convicted in 1949 on three counts of a counterfeiting charge, see United States v. Farina, 2 Cir., 184 F. 2d 18, certiorari denied 340 U.S. 875, 71 S.Ct. 121, 95 L.Ed. 636, rehearing denied 341 U.S. 928, 71 S.Ct. 795, 95 L.Ed. 1359, and 2 Cir., 193 F.2d 436, defendant applied in 1954 for a new trial under 28 U.S.C. § 2255, claiming that he had been deprived of his constitutional rights, under the Sixth Amendment, to counsel and to confrontation. He asserted that, prior to the trial, he had an attack of encephalitis or sleeping sickness, and that, at the time of the hearings in this proceeding, he was still suffering from the residual effects of this illness. There was ample evidence to sustain the findings that defendant was represented by able and experienced counsel at the trial, that he actively consulted with counsel in aid of his defense to the charge of counterfeiting and that he was physically and mentally present at the trial. There was a long trial and the conflicting testimony and inferences therefrom were duly considered in a lengthy and comprehensive opinion by Judge Ryan. We cannot say that the findings were "clearly erroneous"; Lipscomb v. United States, 8 Cir., 209 F.2d 831, certiorari denied 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105. Indeed, the very fact that defendant was represented by able and experienced counsel at the trial would seem to make his belated claim dubious at best.

Affirmed.