**Walter Adams DAVIS, Petitioner,**

v.

**Joseph O. KEARNEY, Warden, Federal Correctional Institution, Texarkana, Texas, Respondent.**

**Civ. A. No. 2055.**

United States District Court
E. D. Texas, Tyler Division.

June 16, 1956.

Walter Adams Davis, pro se.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for respondent.

SHEEHY, Chief Judge.

Petitioner, who is presently being detained by Warden Kearney, respondent, in the Federal Correctional Institution at Texarkana, Texas, pursuant to judgment and commitment entered in Criminal Action No. 12,966 in the United States District Court for the Northern District of Texas, Dallas Division, on

February 21, 1952, has filed a petition for writ of habeas corpus herein alleging that he is being unlawfully detained by respondent. Pursuant to a show cause order entered the respondent has duly answered the petitioner's petition contending, first, that said petition should be dismissed because the petition fails to allege or otherwise make it appear that a motion to vacate sentence filed pursuant to Title 28 U.S.C. § 2255 is inadequate or ineffective to test the validity of petitioner's detention by respondent, and, second, that said petition should be denied because petitioner is lawfully detained by respondent.

Petitioner, pursuant to an indictment by a Grand Jury in the Northern District of Texas, was charged in Counts II, III and IV of the indictment with having unlawfully transferred marihuana in violation of Title 26 U.S.C. § 2591(a). Count II charged an illegal transfer of 13 grains of marihuana on September 21, 1951; Count III charged an illegal transfer of 500 grains of marihuana on September 28, 1951; and Count IV charged an illegal transfer of 583 grains of marihuana on October 1, 1951. On his plea of not guilty petitioner was convicted of the offenses charged in Counts II, III and IV, and each of them. On February 21, 1952, the Court sentenced petitioner to serve two years on each of Counts II, III and IV, with the sentences on those three counts to run consecutively. Petitioner has now served more than two years in prison.

In July, 1952, petitioner filed in the sentencing court a motion to vacate and set aside the sentences pursuant to the provisions of Title 28 U.S.C. § 2255. This motion was denied by the trial court. Petitioner prosecuted an appeal from the order denying said motion to vacate, and on appeal the Court of Appeals affirmed the action of the trial court in denying the motion to vacate.[1]

In his petition before this Court petitioner contends as the basis for the relief herein sought that the sentencing court was without authority to make the sentences on the three counts run consecutively and because of that lack of authority the sentences on the three counts ran concurrently. It does not appear that this contention was made in the motion to vacate previously filed in the trial court and above referred to.

 Petitioner's petition for writ of habeas corpus herein should be and will be denied for two reasons. First, it appears that the remedy by motion to vacate available to petitioner under Title 28 U.S.C. § 2255 is adequate and effective to test the legality of petitioner's detention by respondent,[2] and, second, because the sentencing court clearly had the authority to order the sentences on the three counts in question to run consecutively.[3]

1. Davis v. United States, 5 Cir., 205 F.2d 516.

2. Tacoma v. Hiatt, 5 Cir., 184 F.2d 569

and Decatur v. Hiatt, 5 Cir., 184 F.2d 719.

3. Everett v. United States, 6 Cir., 227 F. 2d 457.