Fay Clinton **HARRIS,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15576.

United States Court of Appeals
Eighth Circuit.

Oct. 10, 1956.

Fay Clinton Harris, pro se.

Edward L. Scheufler, U. S. Atty., and Paul R. Shy, Asst. U. S. Atty., Kansas City, Mo., on the brief for appellee.

Before GARDNER, Chief Judge, and SANBORN and JOHNSEN, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from an order denying appellant's motion to revise and correct sentence entered on an information containing twenty-two counts, the first two counts of which charge him with violations of Section 472, Title 18 U.S.C., and the remaining counts charge him with violations of Section 495, Title 18 U.S.C. We shall refer to the appellant as defendant.

Defendant was represented by counsel at the time of his arraignment and the judgment and sentence sought to be revised and corrected was entered on a plea of guilty. The only counts here involved are counts one and two. These counts read as follows:

"That on or about the 5th day of April, 1951, in Kansas City, Missouri, in the Western District of Missouri, Western Division, Fay Clinton Harris did with intent to defraud, pass, utter and publish a certain falsely made, forged, and counterfeited obligation and security of the United States, to wit: One counterfeit $10.00 Federal Reserve Note (St. Louis) Serial Number H 10059760L, in violation of Section 472, Title 18 U.S.C.

"Count II

"The United States Attorney Further Charges:

"That on or about the 6th day of April, 1951, in Kansas City, Missouri, in the Western District of Missouri, Western Division, Fay Clinton Harris did with intent to defraud bring into the United States, keep in his possession, and conceal a certain falsely made, forged, and counterfeited obligation and security of the United States, to wit: One counterfeit $10.00 Federal Reserve Note (St. Louis), Serial Number H 10059760L in violation of Section 472, Title 18 U.S.C."

The judgment on defendant's plea of guilty was entered April 13, 1951. Before entering judgment on defendant's plea of guilty the court had reports from the United States Secret Service and the Federal Bureau of Investigation relative to the conduct of the defendant in prior years. These reports disclose a shocking criminal record. He was sentenced to serve three to twenty-five years in 1931 in Santa Fe, New Mexico for robbery with firearms. In 1933, on conviction of the crime of first degree robbery in Missouri, he was sentenced to serve ten years in the Missouri State Penitentiary. In 1935 he received another sentence of ten years for robbery committed in the state of Missouri. The report of the United States Secret Service indicated that he had admitted in writing passing counterfeit notes in the states of Texas, Oklahoma, Kansas and Missouri. At the time of sentence he was wanted for robbery in the first degree by authorities in Dodge City, Kansas, Wichita, Kansas and Great Bend, Kansas. Many other crimes were shown by these reports as having been committed by the defendant, indicating that when not confined in the penitentiary his occupation was that of a professional criminal.

The court then sentenced defendant to fifteen years on Count I, fifteen years on Count II, sentence on Count II to run consecutively with sentence imposed on Count I, ten years on Count III, sentence on Count III to run consecutively with sentences imposed on Counts I and II, and ten years on each of Counts IV to XXII, sentences on Counts IV to XXII to run concurrently with sentences imposed on Counts I, II and III.

On August 10, 1955, defendant filed a motion seeking to vacate and set aside sentences imposed under Counts III to XXII of the information and this motion was sustained by the court. D.C., 133 F. Supp. 796. On September 21, 1955, defendant filed another motion under Section 2255, Title 28 U.S.C., to vacate the sentence imposed by the court on April 13, 1951, under Count II of the information, contending that Counts I and II of the information charged but one offense. This motion was overruled by the court and no appeal was taken from the court's order. Thereafter, and on April 13, 1956, defendant filed another motion on identically the same grounds seeking to vacate the sentence imposed under Count II of the information, again contending that Counts I and II of the information charged but one offense. The court denied this motion and this appeal followed.

Defendant in seeking reversal contends, as he did in the trial court, that Counts I and II of the information charged but one offense and he also contends that by imposing sentence under both of these counts he is being twice punished for the same offense.

In support of his contention that but one offense is charged he argues that these two counts charged a continuous violation in which the two alleged offenses were committed simultaneously in response to one intent.

■■ Count I charged the offense of passing, uttering and publishing a counterfeit ten dollar Federal Reserve Note with intent to defraud. That is a distinct offense under Section 472, Title 18 U.S.C. Count II charged that he kept in his possession and concealed a counterfeit ten dollar Federal Reserve Note with intent to defraud. This likewise described a separate and distinct offense under Section 472, Title 18 U.S.C. When arraigned he pleaded guilty to each of these offenses. This plea of guilty was an admission of his guilt, a waiver of all non-jurisdictional defects and defenses and an admission of all the facts averred in the information. Lipscomb v. U. S., 8

Cir., 209 F.2d 831; Hood v. U. S., 8 Cir., 152 F.2d 431. The test to be applied to determine whether there are two offenses or only one is whether each count requires proof of an additional fact which the other does not. Blockburger v. U. S., 284 U.S. 299, 52 S.Ct. 180, 182, 76 L. Ed. 306; Hewitt v. U. S., 8 Cir., 110 F. 2d 1; Roark v. U. S., 8 Cir., 17 F.2d 570; Spencer v. Cox, 8 Cir., 140 F.2d 73. In Blockburger v. U. S., supra, the rule is thus stated:

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

■ Had the defendant pleaded not guilty it would have been incumbent upon the government, in order to sustain the charge contained in Count I of the information, to prove that the defendant with intent to defraud passed to some other person a counterfeit Federal Reserve Note in the amount of ten dollars. This would not have been sufficient to prove the offense contained in Count II. In order to sustain that charge it would have been incumbent upon the government to prove that at a later date, April 6, 1951, the defendant with intent to defraud kept in his possession and concealed another counterfeit note in the amount of ten dollars. But defendant contends that Counts I and II stated a continuous offense and that there was but one intent, to-wit, the intent to defraud and that there being but a single intent there could not be two offenses. It is observed that Count I charges that he passed the counterfeit bill with intent to defraud. Count II charges that he kept in his possession and concealed a counterfeit bill with intent to defraud. Pursuant to this so-called single intent it is charged that he did two acts—he passed the counterfeit bill, and pursuant to the same intent he kept in his possession and concealed another counterfeit bill and

thereby committed two offenses. Pereira v. U. S., 5 Cir., 202 F.2d 830; U. S. v. Kelley, 7 Cir., 186 F.2d 598; McMurtry v. U. S., 5 Cir., 139 F.2d 482. What is said in McMurtry v. U. S., supra, on the question of double jeopardy is here apposite. It is there said:

"The statute, 18 U.S.C.A. § 265, punishes the fraudulent passing of an altered security of the United States, and also the keeping of such in possession with intent so to pass it. It is entirely possible that one may keep the security in possession with intent to pass it long enough to commit that crime and afterwards commit the crime of passing it. Both acts may be punishable without double jeopardy. It was so ruled in United States ex rel. Simkoff v. Mulligan, 2 Cir., 67 F.2d 321. Like rulings under the liquor and narcotics laws may be found in Albrecht v. United States, 273 U.S. 1, 47 S. Ct. 250, 71 L.Ed. 505, and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. The double conviction here is not on the face of the record illegal."

 It must be borne in mind that defendant did not in the trial court affirmatively plead double jeopardy but pleaded guilty to all counts contained in the information. Even if the plea of double jeopardy might have been successfully pleaded in this case it is a personal defense and may be waived by the accused. Brady v. U. S., 8 Cir., 24 F.2d 399; Caballero v. Hudspeth, 10 Cir., 114 F.2d 545. As said in Brady v. U. S., supra [8 Cir., 24 F.2d 405]:

"The constitutional immunity from second jeopardy is a personal privilege which the accused may waive. [Citing cases.]

"The waiver may be express or implied. [Citing cases.]

"Ordinarily, the defense must be pleaded specially. [Citing cases.]

"Waiver will be implied where the accused pleads not guilty and proceeds to trial, verdict, and judgment without raising the defense of former jeopardy. [Citing cases.]

"The defense cannot be raised for the first time by motion in arrest of judgment or by motion for a new trial, or on appeal."

To the same effect see Caballero v. Hudspeth, supra [10 Cir., 114 F.2d 547], where it is said, inter alia:

" * * * The right to not be placed in jeopardy twice for the same. offense is a personal right. It is an immunity granted to the citizen by our constitution, and may be waived. The plea of guilty by the defendant constituted a waiver of this right. At no stage of the proceedings did he assert this constitutional guarantee. The defense may not now be raised for the first time by writ of habeas corpus."

The order appealed from is therefore affirmed.

A true copy.