**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael J. MERCURIO, Defendant-Appellant.**

**No. 12154.**

United States Court of Appeals
Seventh Circuit.

May 20, 1958.

Michael J. Mercurio, in pro. per., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., John F. Grady, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

We are here reviewing the denial of Mercurio's "motion to correct," treated below as a proceeding under 28 U.S.C. § 2255. His attack is leveled solely at the quantum of sentence imposed upon him after his conviction by a jury on ten counts of an indictment grounded in 18 U.S.C. §§ 472–473.[1] The ten counts are in pairs; counts 1, 3, 5, 7 and 9 accuse Mercurio, defendant, of possessing counterfeit currency in violation of § 472; counts 2, 4, 6, 8 and 10 charge him with passing counterfeited bills under § 473. In short there are five sets of counterfeit currency involved passed on five different days and, for example, count 2 charges him with passing the bills described as in his possession under count 1; count 4 is correlated with count 3, 6 with 5, 8 with 7, 10 with 9. Mercurio was committed to the custody of the Attorney General for a period of fifteen years on each of the odd numbered counts and for ten years on each of the even numbered ones and these sentences are to run concurrently. Obviously these sentences on the sale counts "add nothing to the length of time the (defendant) must serve under the sentence imposed on the possession count(s)." United States v. Farina, 2 Cir., 1951, 193 F.2d 436, 438.

We reviewed this case with an acute awareness [2] that Mercurio is presenting his matter *pro se* and, in substance, contends that: (i) the behavior of which he was convicted under § 472 merged in the conduct proscribed by § 473; (ii) § 472 purports to punish for a guilty mind alone, thus disregarding the basic requirement of a concurrence of act and intent.

Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, is the only authority defendant relies on and, understandably so when some language, which he quotes, is read outside the context of that opinion. The government, in the Prince case, sought to preclude mer-

[1]. "Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both." 18 U.S.C. § 472.

"Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than $5,000 or imprisoned not more than ten years, or both." 18 U.S.C. § 473.

[2]. Though not cited by either party to this appeal we also indicate our awareness that Gore v. United States, 1957, 100 U.S.App.D.C. 315, 244 F.2d 763, bottomed on the Boggs Act, 21 U.S.C.A. § 174, is now awaiting oral argument in the Supreme Court as docket number 668, 78 S.Ct. 1280.

ger of the lesser offenses, mentioned in the Federal Bank Robbery Act, 18 U.S.C. § 2113, in the greater offense of robbery, and a majority of the court rejected it and prevented pyramiding penalties under that section.

But here there are two separate statutory provisions typical of the situation in Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. See Pereira v. United States, 1954, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; United States v. Hardgrove, 7 Cir., 1954, 214 F.2d 673; United States v. Farina, 2 Cir., 1951, 193 F.2d 436.

We find no error in the sentencing of Mercurio but point out that this opinion is not to be construed as approving cumulative sentences for a sale when § 472 and § 473 constitute the framework of an indictment. Baender v. Barnett, 1921, 255 U.S. 224, 41 S.Ct. 271, 65 S.Ct. 597, controls the second phase of this case.

Judgment affirmed.