281 F.2d 645
 Petition of J. B. HICKS, for Certificate of Probable Cause,
Re Habeas Corpus adSatisfacunum, ad-Testificandum
and Joint Motion for Certiorari,
v.
PEOPLE OF the STATE OF MICHIGAN, et al.
 United States Court of Appeals Sixth Circuit.
 Sept. 6, 1960.
 
 J. B. Hicks, in pro per.
 CECIL, Circuit Judge.
 
 
 1
 Under the above caption J. B. Hircks, who is confined in a state penitentiary at Jackson, Michigan, has filed a series of papers in this court. Among them are on 'Application and Affidavit in Support of Forma Pauperis, and for the Appointment of Counsel,' 'Petition for Writ of Mandamus Order to Show Cause for Certificate of Probable Cause,' 'Motion for Leave to Proceed in Forma Pauperis,' 'Notice of Appeal to the Court of Appeals' and 'Petition for Certificate of Probable Cause.'
 
 
 2
 An appeal cannot be taken from a District Court in a habeas corpus proceeding unless there is issued a Certificate of Probable Cause. Such a certificate may be issued by a Circuit Judge (Sec. 2253, Title 28 U.S.Code). I take it therefore that all of the papers are directed to the end that a Certificate of Probable Cause may issue and I will proceed to determine the rights of the petitioner in that respect.
 
 
 3
 'Words, Words, Words.' 'He multiplieth words without knowledge.' The papers are made up of an unintelligible mass of meaningless legal jargon replete with inept citations and quotations, and villifying and abusive language charging various officials and judges of Michigan with 'conspiracy to cover up perjury, forgery and fraudulent documents.'
 
 
 4
 I search in vain in this mass of verbiage age for the date and a description of the order from which the petitioner is attempting to appeal. Netier do I find attempting to appeal. Neither do I find any statement of facts which would give him standing in the Federal Courts.
 
 
 5
 These persons who file their cases pro se ought to understand that a Federal Court does not review the proceedings of a trial in a state court in search of errors of the trial judge. That is the function of a state appellate court. Habeas corpus is not a substitute for an appeal. It is a collateral attack on a judgment of conviction. It tests the legality of confinement or imprisonment. A state court prisoner has standing in the Federal Courts in habeas corpus only if his Federal Constitutional rights are violated (Section 2241(c)(3), Title 28 U.S.Code).
 
 
 6
 Such person ought further to understand that he should give the judges credit for knowing the law and that it is not necessary to cite and quote from a great many cases. The judges are concerned with the facts that give rise to a violation of Federal Constitutional rights. A simple and concise statement of specific facts setting forth in what manner these rights are violated will save much time for both the Court and the prisoner.
 
 
 7
 A Notice of Appeal must be filed in the District Court (Rules 81, 73, F.R.Civ.P., 28 U.S.C.). There is no record in this case that one was so filed. The Notice of Appeal mentioned above was apparently meant for filing in this court.
 
 
 8
 It cannot be determined from the papers before me whether the prisoner has exhausted his state remedies. It rather appears that he has not. All state remedies must have been exhausted before he can invoke the jurisdiction of the Federal Courts in habeas corpus (Sec. 2254, Title 28 U.S.Code).
 
 
 9
 For the reasons that no facts are alleged which show that any of the prisoner's rights under the Constitution of the United States are violated and that no Notice of Appeal has been properly filed I decline to issue a Certificate of Probable Cause.
 
 
 10
 The Clerk will return the papers to the petitioner.