Edward BARKER, Appellant,

v.

The STATE OF OHIO, Appellee.

No. 15444.

United States Court of Appeals Sixth Circuit.

March 9, 1964.

Louis Stokes, Cleveland, Ohio (Edward Barker, in pro. per., on the brief), for appellant.

John Cianflona, Columbus, Ohio (William B. Saxbe, Atty. Gen., John Cianflona, Asst. Atty. Gen., Columbus, on the brief), for appellee.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, Edward Barker, by this habeas corpus proceeding filed in the United States District Court, attacks the validity of a state court judgment under which he is imprisoned.

Appellant's application for the writ in the District Court and his brief in this Court were obviously drafted by him, appearing pro se. As is often the case under such circumstances, the issues are not as clearly presented and discussed as they could be. After the filing of the application for the writ, and before the hearing, a practicing attorney in Cleveland, Ohio, on his own initiative and without compensation, advised the District Judge that he would represent the appellant. Said attorney at his own expense also appeared for the appellant and made oral argument of his cause at the hearing on the appeal in this Court. We take this occasion to commend the attorney for such representation and assistance to the Court, even though not court-appointed. In response to a question, this Court was advised by the attorney that the appellant was represented by other counsel in the state court trial. In any event, no complaint is made in the present habeas corpus proceeding that appellant did not have the assistance of counsel, and that issue is not involved.

The record in the present proceeding is not a satisfactory one, due in no way, however, to the fault of the Clerk, but chiefly because of appellant's representation of himself and the drafting and forwarding by him of various papers under circumstances creating some confusion. However, we ascertain from it, appellant's brief and argument of counsel that the issue presented is as follows.

The appellant was indicted in the state court of Ohio in a six-count indictment involving two checks alleged to have been forged. Counts 1, 2 and 3 dealt with a check identified as check #660. Counts 4, 5 and 6 dealt with a check identified as check #778.

Count 1 charged appellant with forgery of check #660. Count 4 charged him with forgery of check #778. It was contended by the State that forgery is a violation of Section 2913.01 of the Revised Code of Ohio.

Count 2 charged appellant with uttering and publishing as true and genuine a forged instrument, being check #660, knowing the same to be forged. Count 5 charged the same offense with respect to check #778. It was contended by the State that this was also an offense in violation of the same section (2913.01) of the Revised Code of Ohio.

Count 3 charged appellant with unlawfully uttering and delivering check #660 with intent to defraud by the false use of the names of the drawer and payee endorser, having at the time insufficient funds and credit with the bank on which it was drawn. Count 6 charged appellant with the same offense with respect to check #778. It was contended by the State that this was an offense in violation of Section 1115.23 of the Revised Code of Ohio. However, counts 3 and 6 were subsequently nolled by the Court and are not involved in this appeal.

At the close of the State's case, the Court sustained appellant's motion to dismiss counts 1 and 4, and overruled appellant's motion to dismiss counts 2 and 5.

The appellant was found guilty under counts 2 and 5 and was sentenced to imprisonment in the state penitentiary for an indeterminate term under the Ohio Code, where he was at the time of filing the present habeas corpus proceeding.

The District Judge dismissed the proceeding. This Court issued a certificate

of probable cause and granted leave to appeal in forma pauperis.

Section 2913.01 of the Revised Code of Ohio provides in substance as follows:

> "No person, with intent to defraud, shall falsely make, alter, forge, counterfeit * * * a * * * check * * * or, with like intent, utter or publish as true and genuine such false, altered, forged, counterfeited * * * matter, knowing it to be false, altered, forged, counterfeited, falsely printed, or photographed. Whoever violates this section is guilty of forgery, and shall be imprisoned not less than one nor more than twenty years."

Appellant contends that under this section of the Code there is but one criminal offense, namely, forgery, that the alleged act of forgery on his part can not be made the subject matter of two separate criminal offenses, and that having been acquitted of the charge of forgery, under counts 1 and 4, the Fifth Amendment to the Constitution of the United States * prevents the prosecution and conviction of him for the same offense under counts 2 and 5.

There are two answers to this contention.

■ 1. Appellant's contention is in substance the defense of double jeopardy. Such defense can be and should be made at the trial, and if not so raised, it is waived. Rule 12(b) (1) and (4), Rules of Criminal Procedure; Morlan v. United States, 230 F.2d 30, 32, C.A.10th; Harris v. United States, 237 F.2d 274, 277, C.A.8th; Blair v. White, 24 F.2d 323, 324–325, C.A.8th; Bracey v. Zerbst, 93 F.2d 8, C.A.10th.

■■ If the defense is made at the trial and ruled invalid, it can be reviewed on a direct appeal after conviction. It is well settled that a habeas corpus proceeding can not be used as a substitute for an appeal. Dye v. Sacks, 279 F.2d 834, 836, C.A.6th; Hicks v. People of State of

---

* The Fifth Amendment provides in part: " * * * ; nor shall any person be sub-
ject for the same offense to be twice put in jeopardy of life or limb; * * *."

Michigan, 281 F.2d 645, 646, C.A.6th; Turpin v. Sacks, 291 F.2d 223, C.A.6th, cert. denied, 368 U.S. 855, 82 S.Ct. 94, 7 L.Ed.2d 53.

It logically follows that the issue of double jeopardy can not be raised by a habeas corpus proceeding. Lotz v. Sacks, 292 F.2d 657, 659, C.A.6th; Velazquez v. Sanford, 150 F.2d 491, 493, C.A. 5th; Crapo v. Johnston, 144 F.2d 863, 864, C.A.9th, cert. denied, 323 U.S. 785, 65 S. Ct. 267, 89 L.Ed. 626, rehearings denied, 323 U.S. 818, 65 S.Ct. 428, 89 L.Ed. 650, 324 U.S. 886, 65 S.Ct. 682, 89 L.Ed. 1435; Bracey v. Zerbst, supra, 93 F.2d 8, 9, C.A. 10th; Blair v. White, supra, 24 F.2d 323, 325, C.A.8th.

2. Even if we should assume, contrary to the above ruling, that the issue of double jeopardy is before us, there is no merit in appellant's contention that his conviction is in violation of his constitutional right not to be twice put in jeopardy for the same offense. It is well settled that a single act may be a violation of two or more criminal statutory provisions involving different elements, and that a defendant so violating such different statutory provisions may be convicted and sentenced for the separate violations. Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505; Blockburger v. United States, 284 U.S. 299, 303–304, 52 S.Ct. 180, 76 L.Ed. 306; Gore v. United States, 357 U.S. 386, 390, 78 S.Ct. 1280, 2 L.Ed.2d 1405; Harris v. United States, supra, 237 F.2d 274, 276, C.A.8th; United States ex rel. Simkoff v. Mulligan, 67 F.2d 321, C.A.2nd; McMurtry v. United States, 139 F.2d 482, C.A.5th. See also: Woody v. United States, 258 F.2d 535, C.A.6th, affirmed by equally divided court, 359 U.S. 118, 79 S.Ct. 721, 3 L.Ed. 2d 673, rehearing denied, 359 U.S. 985, 79 S.Ct. 939, 3 L.Ed.2d 934.

It appears clear that Section 2913.01 of the Revised Code of Ohio provides for the two separate offenses (1) forgery of a check with intent to defraud, or (2) uttering or publishing as true a forged check, knowing it to be forged, with intent to defraud. The statute uses the word "or," thus providing that an offense may be committed if either of the two situations occur. The two offenses are not the same. A person may forge a check without uttering or publishing it. Or, the defendant may utter or publish a forged check which some one else has forged. In order to be guilty of the second offense, proof of another fact, namely, that of uttering and publishing, would be necessary, in addition to what would be sufficient to prove a conviction of the first offense, namely, forgery. Blockburger v. United States, supra, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; Harris v. United States, supra, 237 F.2d 274, 276, C.A.8th.

The judgment is affirmed.