UNITED STATES of America, Appellee,

v.

Peter DiPALERMO, Defendant-Appellant.

No. 247, Docket 29247.

United States Court of Appeals Second Circuit.

Submitted Jan. 25, 1965.

Decided Jan. 28, 1965.

Peter DiPalermo, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Michael W. Mitchell and Andrew T. McEvoy, Jr., Asst. U. S. Attys., So. District of New York, for appellee.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

PER CURIAM.

Appellant was convicted in 1949, after trial by a jury, for having in his possession certain counterfeit bank notes in violation of 18 U.S.C.A. § 472, for selling the same notes on the same day in violation of 18 U.S.C.A. § 473, and conspiring to do so in violation of 18 U.S.C.A. § 371. The trial judge imposed concurrent sentences of fifteen years on the possession count, ten years on the sale count, and five years on the conspiracy count. On appeal, this court affirmed the judgments of conviction. United States v. Farina, 184 F.2d 18 (2 Cir. 1950), cert. den., 340 U.S. 875, 71 S.Ct. 121, 95 L.Ed. 636 (1950), rehearing den. 341 U.S. 928, 71 S.Ct. 795, 95 L.Ed. 1359 (1951). Subsequently, defendant moved in this court for a reversal of the court's affirmance on the ground that the multiple sentences were illegal. In denying the application, this court held that United States v. Chiarella, 187 F.2d 12 (2 Cir.), vacated and remanded for sentencing, 341 U.S. 946, 71 S.Ct. 1004, 95 L.Ed. 1370 (1951) (decided after the defendant was sentenced and which held that convictions for receiving and possession were actually includable only under the single crime of selling counterfeit bank notes) did not govern the situation where the sentences were to run concurrently and not consecutively. United States v. Farina, 193 F.2d 436 (2 Cir. 1951). Finally, in 1964 defendant moved pursuant to Rule 35 of the Federal Rules of Criminal Procedure to have the 15 year sentence imposed on count one invalidated, and the court below denied the motion relying on United States v. Farina, ibid. We find no error and affirm the order denying the motion.

Defendant's main contention is that the fifteen year sentence was imposed on the possession count which under the Supreme Court decisions cited by him should be treated as having merged with the sale offense; in other words, he contends that the acts of possession and sale were not separate offenses and that the only crime he committed was the sale for which a sentence of only ten years had been imposed. But he could separately be convicted of either possession or sale. Each standing alone is valid. It is only when one is added to the other that the sentence is vulnerable. United States v. Farina, 193 F.2d 436 (2 Cir. 1951) governs this appeal. The order denying the motion to vacate sentence is affirmed.