**Louis LLERANDI, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23053.**

United States Court of Appeals Fifth Circuit.

March 28, 1966.

Louis Llerandi, pro se.

Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before PHILLIPS,* RIVES and COLEMAN, Circuit Judges.

COLEMAN, Circuit Judge.

Appellant, along with three others, was indicted for conspiracy and alleged violations of the counterfeit laws. He pleaded not guilty, was tried, convicted, and sentenced all told to imprisonment for ten years. Motion for new trial was denied, and this court affirmed, Gray et al. v. United States, 340 F.2d 321.

Motion was subsequently filed under Rule 35, Federal Rules of Criminal Procedure, for Reduction of Sentence, the motion was denied, and leave granted for appeal in forma pauperis.

In the original prosecution, appellant was charged under three counts of a five count indictment. Count one charged a violation of 18 U.S.C. 474, count two a violation of 18 U.S.C. 473, and count five was a conspiracy charge under 18 U.S.C. 371. He was found guilty on all three counts, and sentenced to serve five years on the first count; five years on the second, to run consecu-

* Of the Tenth Circuit, sitting by designation.

tively with the first; and five years on the conspiracy count to run concurrently with the first. In his Rule 35 motion appellant contends that his sentence under the Count 2 conviction is illegal and should be set aside. The gist of the argument is that the second count is but a verbal variation of the first, hence there was a merger of the two thus precluding a sentence of two consecutive terms.

Appellant relies on United States v. Chiarella, 2 Cir., 1951, 187 F.2d 12,[1] wherein it was held under the facts of the case that first and second counts pursuant to Sections 473 and 472 did not state offenses separate from that charged in the third count. Sentence based on the first two counts was accordingly reversed and that imposed on the third was affirmed.

The pertinent parts of the indictment in the instant case are as follows:

### Count One

"That on or about July 27, 1962, * * * Louis Llerandi did transfer, receive, exchange and deliver, and did cause to be transferred, received, exchanged and delivered falsely made, forged, counterfeited and altered obligations and other security of the United States of America, namely, to-wit, approximately $5000.00 in counterfeit $20.00 Federal Reserve Notes, * * * in violation of Section 473, Title 18, United States Code.

### Count Two

"That on or about July 27, 1962, * * * Louis Llerandi did, with intent to defraud, keep in his possession and conceal falsely made, counterfeited, forged, and altered obligations and other security of the United States of America, namely, to-wit, approximately $5000.00 in counterfeit $20.00 Federal Reserve Notes, * * * in violation of Section 472, Title 18, United States Code."

The proof in this case established that a witness received counterfeit money from appellant and was informed to call him later if he needed more counterfeit money.

In Chiarella, supra, the court stated, "Chiarella 'received' the counterfeits only in order to deliver them, and delivery was certainly a part of the sale, not a separate act, like, for instance, receiving them preparatory to their utterance by someone else." Here, Llerandi first made delivery of counterfeit notes and kept others in his possession with the intent to deliver them in a separate transaction.

Harris v. United States, 8 Cir., 1956, 237 F.2d 274, was a case concerning a motion to revise and correct consecutive sentences obtained on an information charging in two counts offenses of passing, uttering and publishing a counterfeit reserve note with intent to defraud, and the possession and concealment of a reserve note with intent to defraud. A material difference which should be noted between *Harris* and this case is that in *Harris* the defendant pleaded guilty to the counts and here the defendant was found guilty by a jury. The court did, however, summarize doctrine applicable here when it stated:

"The test to be applied to determine whether there are two offenses or only one is whether each count requires proof of an additional fact which the other does not. Blockburger v. U. S., 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306; Hewitt v. U. S., 8 Cir., 110 F.2d 1; Roark v. U. S., 8 Cir., 17 F.2d 570 [61 A.L.R. 870]; Spencer v. Cox, 8 Cir., 140 F.2d 73. In Blockburger v. U. S., supra, the rule is thus stated:

'The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not'."

1. The facts in United States v. Chiarella, 187 F.2d 12, are found at 184 F.2d 903.

Applying this test, the appellant was correctly convicted under both Sections 473 and 472 and the denial of relief under Rule 35 should be, and is

Affirmed.