**Bonard COPELAND, Petitioner,**

v.

**UNITED STATES of America, Defendant.**

**No. EC 6859–S.**

United States District Court
N. D. Mississippi, E. D.

Oct. 11, 1968.

Bonard Copeland, pro se.

## OPINION

ORMA R. SMITH, District Judge.

On September 6, 1968 this Court received a handwritten petition from the defendant entitled "Motion to Correct Sentence." By his motion, the defendant seeks to have his two consecutive three year sentences reduced to one three year sentence under the provisions of 28 U. S.C. § 2255. In substance, the defendant contends that he committed only one crime; therefore, he was illegally sentenced to serve two consecutive three

---

year sentences under a two count indictment.

■ The record conclusively shows that the defendant was properly charged under a two count indictment. Count I of the indictment charges that the defendant passed a counterfeit $100.00 bill at the Royal Truck Stop, Booneville, Mississippi on September 28, 1967. Count II of the indictment charges that the defendant passed a counterfeit $100.00 bill at Charles Eaton's Place, Booneville, Mississippi on September 28, 1967. The indictment negates the defendant's contention that he was improperly sentenced to serve two consecutive sentences on the grounds that only one crime was committed. It is clear that these acts constitute two separate and triable offenses. See, e. g., Harris v. United States, 237 F.2d 274 (8 Cir. 1956); Llerandi v. United States, 358 F.2d 676 (5 Cir. 1966). Furthermore, the defendant raises no issue concerning the voluntariness of his guilty pleas. At the time of his arrest, the defendant was informed of his right to have counsel or to have counsel appointed for him. He waived appointment of counsel and his right to a preliminary hearing. On November 22, 1967 he was brought before Judge Claude F. Clayton for sentencing in this Court. The defendant plead guilty to the charges in the indictment and was sentenced to serve consecutive three year terms on each count. The record is clear that there was no error in the proceedings nor mistake as to the type of sentence imposed.[1]

■ The defendant's "Motion to Correct Sentence" can be viewed three different ways. First, it can be taken as a motion for a writ of habeas corpus under the provisions of 28 U.S.C. § 2255. Second, as a motion for a correction of sentence under the provisions of Rule 35, F.R.Crim.P. Third, the Ninth Circuit has held that where a prisoner's contentions are sufficient to show that he plead guilty to a multiple count indictment and was sentenced to consecutive sentences when in fact the offense charged was a single crime, then such a motion should be treated as a motion to withdraw a plea of guilty under Rule 32(d), F.R.Crim.P. Gilinsky v. United States, 335 F.2d 914 (9 Cir. 1964). It is apparent that this case does not fall under the rule announced in *Gilinsky*. Here the crimes charged were related, but the passing of each counterfeit bill constitutes a separate triable offense. The contention that this defendant was sentenced twice for the same act can be dismissed. This is not a situation where a defendant has been given consecutive sentences on multiple counts which in fact charged but a single offense.

Rule 35, F.R.Crim.P., provides that the Court may correct an illegal sentence at any time. The determination of what constitutes an "illegal" sentence is not clear. As pointed out by Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed. 2d 417 (1962), there can be disagreement over the meaning of this term. If the dissenting opinion in *Hill* is followed, a motion under Rule 35 would reach any act in the proceeding which did not meet current procedural standards. The majority opinion in *Hill* places a much more narrow application on Rule 35. The Court held that "Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417, 422 (1962). As stated in *Hill*, Rule 35 is inapplicable to this case because the sentence imposed was

---

1. The record of the proceedings reads as follows:

The Court: On Count 1 of this indictment I now sentence you to serve a term of three years in an institution to be designated by the Attorney General.

On Count 2 of this indictment I now sentence you to serve a term of three years in an institution to be designated by the Attorney General.

The sentence imposed on Count 2 will not begin to run until you have fully served the sentence imposed on Count 1; that is to say it will be consecutive to the sentence imposed on Count 1.

not in excess of that prescribed by the statute,[2] multiple sentences were not imposed for the same offense, nor were the terms of the sentence itself illegal.

In addition, the defendant is not required to be present at a hearing of a motion under the provisions of this rule.[3] Rule 35 further provides that the Court may correct a sentence imposed in an illegal manner within the same time period that a defendant can request a reduction in sentence. This period is for 120 days following the date of sentence. This period elapsed prior to the filing of this motion. However, it should be noted that there was nothing illegal about the way this sentence was imposed.

■ This motion is also found lacking if viewed under the provisions of 28 U.S.C. § 2255. The record and files of this case conclusively show that this prisoner is entitled to no relief. The history behind this statute is reviewed in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1951). Unless the record shows that the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentencing court was without jurisdiction to impose such a sentence, or that the sentence imposed was in excess of the maximum authorized, or is in some other fashion subject to collateral attack, the motion should be denied. In the absence of these conditions, this motion is denied.

The defendant's contentions that the Court lacked jurisdiction or that his acts did not constitute separate offenses are totally without merit. See Davis v. Kearney, 142 F.Supp. 611 (E. D. Texas 1956); Parker v. United States, 248 F. 2d 803 (4 Cir. 1957); Schumpert v. United States, 245 F.2d 233 (6 Cir. 1957). It should also be noted that this opinion is not based upon the assumption that the defendant is currently serving a valid sentence and therefore he cannot attack a second sentence that he has yet begun

to serve. See Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). Any vestiges of the old McNally[4] rule have now been struck down. See Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

For the above reasons, the defendant's motion to correct sentence is denied.

---

2. 18 U.S.C. § 472 under which the defendant was charged carries a maximum sentence of fifteen years, a fine of $5,000 or both.

3. United States v. Lynch, 159 F.2d 198 (7 Cir. 1947).

4. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).